Louis Oswald, Defendant in Error, *vs.* Marcus D. Hexter, Plaintiff in Error.

*Opinion filed April 18, 1912.*

Freehold—*when a freehold is not involved.* A bill to have an absolute conveyance or transfer of real estate declared to be a mortgage, and for leave to redeem or to reach, in the hands of the grantee, the equity of the grantor in the property conveyed or assigned, does not involve a freehold, and a decree based upon such a bill cannot be reviewed by the Supreme Court by direct appeal or writ of error.

Writ of Error to the Circuit Court of Greene county; the Hon. James A. Creighton, Judge, presiding.

Frank A. Whitesides, and Albert Salzenstein, for plaintiff in error.

J. M. Riggs, and Thomas Henshaw, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This was a bill in chancery filed by Louis Oswald against Marcus D. Hexter, Lena Hexter, Herman Oswald, and others, for an accounting, and to have certain conveyances and transfers which were absolute in form declared to be mortgages. By the bill Louis Oswald offered to pay any amount found due by the court to either of the defendants, and prayed that they, and each of them, be required to account to him for the proceeds of the property so conveyed and transferred to them, or either of them, if it had been converted into money by sale or otherwise, and after the amount due the defendants, or either of them, from the complainant had been paid and satisfied, that the said defendants, and each of them, be required to transfer the unsold portion of said property to said Louis Oswald. Answers and replications were filed and the court entered a decree, in which the part of the property conveyed and

transferred by Louis Oswald to the defendants Herman Oswald and Lena Hexter, severally, was held to have been transferred absolutely, while the property conveyed and transferred to Marcus D. Hexter and Herman Oswald was held to have been conveyed and transferred to them by way of mortgage, although all of said conveyances and transfers were absolute in form. The defendant Marcus D. Hexter has sued out a writ of error from this court to review the decree in so far as it holds that the conveyances and transfers to him and Herman Oswald were given as mortgages, and Louis Oswald has assigned cross-errors questioning the validity of said decree in so far as it holds that the conveyances to Herman Oswald and Lena Hexter were absolute conveyances.

Herman Oswald is a son of Louis Oswald, Lena Hexter is a daughter of Louis Oswald, and Marcus D. Hexter is the husband of Lena Hexter. In the fall of 1904 Louis Oswald was indebted to various persons in the sum of about $9000 and owned and possessed real and personal property of the value of about $20,000. His wife was in ill-health and he was about sixty-five years of age. The property consisted of a business house in the city of Whitehall, which was conveyed to Herman Oswald; a house and lot in Whitehall, which was conveyed to Lena Hexter; and a small farm in Greene county, some subdivided property in East St. Louis and a note and mortgage for $2000, which were conveyed and transferred to Marcus D. Hexter and Herman Oswald, jointly. The amended bill averred that while said deeds and transfers were absolute in form, yet in fact they were to stand and be considered only as mortgages to secure the grantees and transferees for having paid and satisfied the debts of Louis Oswald, and the prayer of the amended bill was that said conveyances and transfers be declared to have been given in the nature of mortgages and that the defendants be compelled to re-convey and re-assign what may remain unsold of said property, and upon

failure so to do that the master be required to make such conveyances and assignments. The court found by its decree that on the 28th day of November, 1904, Marcus D. Hexter assumed and agreed to pay the indebtedness of the complainant, and in order to secure Hexter for paying said indebtedness, the complainant and his wife, on the first day of December, 1904, by deed of that date conveyed to Hexter and Herman Oswald the farm in Greene county and the platted property in East St. Louis; that complainant assigned the note and mortgage for $2000, and interest, to Hexter; that said conveyance and transfer were in the nature of mortgages, and that they were taken and accepted by said Hexter and Herman Oswald as such, and that the business property conveyed to Herman Oswald and the house and lot conveyed to Lena Hexter were conveyed to them absolutely.

The law is well settled in this State that a bill to have an absolute conveyance or transfer of real estate declared to be a mortgage and for leave to redeem, or to reach in the hands of the grantee the equity of the grantor in the property conveyed or assigned, does not involve a freehold, and that a decree based upon such a bill cannot be reviewed in this court by direct appeal or writ of error. (*Hollingsworth* v. *Koon,* 113 Ill. 443; *Lynch* v. *Jackson,* 123 id. 360; *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 id. 199; *Adamski* v. *Wieczorek,* 181 id. 361; *Schoendubee* v. *Investment Union,* 183 id. 139; *Eddleman* v. *Fasig,* 218 id. 340; *Burroughs* v. *Kotz,* 226 id. 40; *Reagan* v. *Hooley,* 247 id. 430.) It is obvious from the holding in this long line of cases that this court is without jurisdiction to hear and determine this writ of error and that the cause must be transferred to the Appellate Court.

The clerk of this court will transmit to the clerk of the Appellate Court for the Third District all the files in this case, together with the order transferring the cause.

*Cause transferred.*