JOHN FUNK, Defendant in Error, *vs.* CHASE FOWLER,
Plaintiff in Error.

*Opinion filed June 16, 1914.*

APPEALS AND ERRORS—*when no question of freehold is involved.*
No freehold is involved where the controversy is whether a quit-
claim deed was intended by the parties as an absolute deed or as
mere security for the grantor's indebtedness; and this is true, re-
gardless of whether the trial court holds the conveyance to be a
deed or a mortgage.

WRIT OF ERROR to the Circuit Court of LaSalle county;
the Hon. EDGAR ELDREDGE, Judge, presiding.

McDOUGALL & CHAPMAN, for plaintiff in error.

LESTER H. STRAWN, and M. N. ARMSTRONG, for de-
fendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error directed to the circuit court of
LaSalle county, and brings up for review a decree dismiss-
ing a cross-bill filed by plaintiff in error and granting an
injunction against the prosecution of an action of forcible
entry and detainer, and decreeing that a deed made by the
plaintiff in error to defendant in error for the premises in-
volved in the forcible entry and detainer suit was an ab-
solute conveyance of the lands therein described, and for
other relief as prayed for in the original bill.

Defendant in error has made a motion to transfer the
record to the Appellate Court for want of jurisdiction in·
this court, and that motion has been taken for decision with
the case.

Chase Fowler, plaintiff in error, is a practicing attor-
ney of LaSalle county and for more than ten years has
been the attorney for defendant in error, Funk. Many
business transactions have occurred between the parties of

a personal character that were not directly connected with the relation of attorney and client. Plaintiff in error borrowed money from Funk at various times and Funk became surety on Fowler's obligations to other persons. The aggregate amount of obligations thus created of plaintiff in error to defendant in error was several thousand dollars. While these transactions were being had plaintiff in error was the owner of certain lands described in the bill, which are situated in section 11, township 33, range 4, in LaSalle county. On July 12, 1906, plaintiff in error made a quit-claim deed to defendant in error purporting to convey all interest which plaintiff in error had in and to the premises involved in this controversy. There were other agreements between the parties both before and subsequent to the execution of the deed. After the deed was executed an arrangement was made between the parties by which plaintiff in error was to occupy the premises and pay the interest on a $6000 mortgage which was a lien on the land at the time the deed was made, and pay the taxes and interest upon other items of indebtedness. Plaintiff in error contends that while he was thus in the possession of the premises, defendant in error, through certain parties acting under the authority of defendant in error, invaded his possession, to regain which an action of forcible entry and detainer was commenced before a justice of the peace. It is the prosecution of this action of forcible entry and detainer that was sought to be enjoined by the original bill filed by defendant in error.

It is the claim of defendant in error that the quit-claim deed was executed for the purpose of vesting him with the absolute title to the premises, and that defendant in error, by virtue of said deed, is the owner of all the title and interest held by plaintiff in error prior to the execution of said quit-claim deed. On the other hand, plaintiff in error contends that the quit-claim deed was executed primarily for the purpose of securing defendant in error from loss

by reason of the loans he had made to plaintiff in error and contingent liabilities he had assumed as security for him. Upon a hearing in the court below, as already stated, a decree was entered finding that the deed was an absolute conveyance and that plaintiff in error had no interest or title in the premises, and enjoined the prosecution of the forcible entry and detainer suit. The cross-bill filed by the plaintiff in error seeking to have the quit-claim deed held to be a mere security was dismissed.

The controlling question involved in this litigation is whether the quit-claim deed made by plaintiff in error to defendant in error was an absolute deed or a deed executed as a mere security to secure financial obligations of the grantor. This being the issue involved, under numerous decisions of this court no freehold is involved and this court is without jurisdiction to determine the controversy. Among the more recent cases in which this question has been decided the following may be cited: *Eddleman* v. *Fasig,* 218 Ill. 340; *Burroughs* v. *Kotz,* 226 id. 40; *Halbert* v. *Turner,* 233 id. 531; *Reagan* v. *Hooley,* 247 id. 430; *Oswald* v. *Hexter,* 254 id. 158. It is immaterial, when an issue of this kind is presented, which way it is determined in the court below. Whether or not a freehold is involved does not depend upon the way in which the issue is decided below. In some of the cases above cited the deed involved was held to be a deed absolute while in others it was held to be in the nature of a mortgage. There are no other grounds upon which this court can take jurisdiction of the present controversy. The writ of error should have been sued out of the Appellate Court.

The motion to transfer the cause will be sustained, and the clerk of this court will be directed to transfer the cause to the Appellate Court for the Second District.

*Cause transferred.*