TEANDER G. PETERSON, Appellee, *vs.* O. C. PETERSON *et al.* Appellants.

*Opinion filed June 16, 1914.*

1. APPEALS AND ERRORS—*jurisdiction of the subject matter can not be waived by the parties.* Jurisdiction of the subject matter is derived from the constitution or the statute, and cannot be conferred by consent of the parties or by their failure to raise the question in the court of review.

2. SAME—*the right to redeem from a conveyance claimed to be a mortgage is not a freehold.* The question of the right to redeem under a conveyance claimed to be a mortgage does not involve a freehold, for the reason that a decree in favor of the party claiming the right of redemption merely establishes his right to redeem, which right he may or may not avail himself of.

3. SAME—*what is not included in word "freehold."* The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

RANKIN, HOWARD & DONNELLY, for appellants.

URBAN P. GALLAGHER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal from the superior court of Cook county should have been taken to the Appellate Court for the First District. In August, 1910, the appellee was the owner of a master's certificate of sale of certain real estate in the city of Chicago, which he had pledged to the Chicago City Bank as collateral security for his note for $1000. The sale had been made for $4850.70. The premises were worth more than $16,000, were subject to a prior mortgage for $8300, and had been sold for taxes. The appellant O. C. Peterson had recovered a judgment against the appellee for $550. As the result of negotiations between the appellee and O. C. Peterson the latter took up the for-

mer's note for $1000 and received an assignment of the certificate of sale, redeemed from the tax sale, paid the interest on the mortgage and part of the principal, and secured a new loan for the balance. In October, 1910, O. C. Peterson caused a deed to be executed under the certificate of sale to his brother, the appellant William A. Peterson. The appellee was in possession of a part of the premises, and a few months after the deed was obtained William A. Peterson brought suit in forcible entry and detainer against him to recover the possession. Thereupon the appellee filed a bill 'in the superior court to enjoin the prosecution of the forcible entry and detainer suit, alleging that O. C. Peterson agreed, in consideration of the assignment of the certificate of sale to him, that he would take up the appellee's note at the bank, would redeem from the tax sale, would pay the interest on the mortgage and arrange for its extension, would secure a master's deed if the premises were not redeemed, and would hold the certificate and the deed as security for the payment by the appellee of the amounts advanced by Peterson and of Peterson's judgment, with interest thereon, and that upon the payment of those amounts the appellee might redeem the premises. The defendants answered the bill. The cause was referred to the master, who made his report, exceptions to which were overruled, and a decree was rendered in accordance with the prayer of the bill, giving the defendant the right to redeem upon payment of the amount due under the agreement and referring the cause back to the master to take an account and ascertain that amount. The defendants have appealed from this decree.

No motion has been made to transfer the cause and no reference made in argument to the question of jurisdiction. The question cannot, however, be waived. Jurisdiction of the subject matter is derived from the constitution or the statute and cannot be conferred by consent of parties. A judgment was rendered in this cause at the last February

term affirming the decree, but a petition for a rehearing was presented, and it appearing that this court had no jurisdiction of the appeal, a rehearing was allowed at the April term. The appeal was taken, perhaps, upon the notion that a freehold was involved in the litigation, but under many decisions of this court that position is untenable. The title to the property was not in issue by the pleadings, for it is admitted that the master's deed conveyed the title to William.A. Peterson. The decree does not take this title from him but only gives to the appellee the right to redeem. The loss of his title is not a necessary result of the decree but depends upon appellee's exercise of this right.

A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue although the judgment or decree does not result in one party gaining and the other losing the estate. (*Sanford v. Kane,* 127 Ill. 591.) The question of the right to redeem under a conveyance claimed to be a mortgage does not, however, involve a freehold, for the reason that a decree in favor of the person claiming the right of redemption would only establish his right to redeem,—a right of which he might or might not avail himself. A gain or loss of a freehold would not be the necessary result of such decree, but would depend upon the subsequent acts of the party whose right to redeem was determined, which he might or might not perform. The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold. *Kirchoff v. Union Mutual Life Ins. Co.* 128 Ill. 199; *Ryan v. Sanford,* 133 id. 291; *Reagan v. Hooley,* 247 id. 430.

The cause will be transferred to the Appellate Court for the First District.                          *Cause transferred.*