(No. 14736.—Cause transferred.)

E. J. LENNARTZ, Appellee, *vs.* JOHN T. BODDIE *et al.*— (THOMAS C. HINDMAN, Appellant.)

*Opinion filed October 21, 1922.*

1. FREEHOLD—*when a freehold is involved.* A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

2. SAME—*freehold is not involved in suit to establish the right to redeem.* A freehold is not involved in a suit by the grantee of a mortgagor claiming the right of redemption and asking the court to set aside a deed issued to a creditor at the master's sale, as the word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold, and a decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not avail himself.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

CUTTING, MOORE & SIDLEY, and ARTHUR L. BALLAS, for appellant.

DAVID K. TONE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On a bill filed by E. J. Lennartz in the circuit court of Cook county it was decreed that Lennartz was entitled to redeem from a sale made by the master in chancery under a decree of foreclosure, upon which a deed had been made to John T. Boddie, the cause was referred to a master for the purpose of settling the account and determining the amount to be paid, and it was further decreed that if the complainant should within ninety days from the entry of an order fixing the amount due pay such amount, then the premises described in the bill should be redeemed from the decree of foreclosure and the master's certificate of indebtedness, and that in that event the master's deed for the premises to Boddie should be declared null and void and the complainant should hold the premises free and clear of all liens, claims or rights of the defendants or any of them, and if the complainant should fail to pay the amount found due upon the accounting then his bill should be dismissed at his costs. Thomas C. Hindman, a purchaser from Boddie, the grantee in the master's deed, appealed to the Appellate Court, which transferred the cause to this court on the ground that a freehold was involved.

The decree under which the master's certificate was issued was rendered upon a bill filed by Biscoe Hindman on September 9, 1918, for the foreclosure of a trust deed made by Charles D. Off to the Chicago Title and Trust Company, trustee, dated October 6, 1917. The decree of foreclosure was entered on September 12, 1918, for $15,-

956.24. The trust deed having been executed on October 6, 1917, the proceedings for the enforcement of the decree were governed by the act of 1917 amending the act in regard to judgments and decrees. (Laws of 1917, p. 558.) The master in chancery made his certificate, as required by section 16 of that act, at the date of the decree. A receiver had been appointed on September 16, who was in possession of the premises and in receipt of the rents until March 25, 1920. On April 18, 1919, Off conveyed the premises to Charles T. Knapp, but did not execute any assignment of the rents, and on October 21, 1919, Knapp conveyed to complainant, Lennartz, and executed to him an assignment of whatever claim or interest Knapp might have in the rents and profits. On November 26, 1919, an order was entered in the foreclosure suit directing the receiver to pay the sum of $4644.20 to Biscoe Hindman, to be applied on a certificate of indebtedness held by him, and that sum was on that date paid to Hindman. On March 10, 1920, Boddie caused a judgment to be confessed in the superior court of Cook county on a judgment note for $1000, dated March 8, 1920, which he held against Off. An execution was delivered to the sheriff and levied on the premises in question on March 11. For the purpose of redeeming from the master's certificate Boddie deposited with the sheriff $17,262.31, the amount due on the certificate, and received from the sheriff a certificate of redemption. On March 12 Lennartz went to the office of the master for the purpose of redeeming from the master's certificate under the decree of foreclosure, and offered to pay the master, by way of redemption, the total amount of the certificate and interest, less the $4644.20 which the receiver had paid to Hindman under the order of November 26, 1919, but the master, because of the redemption through the sheriff, declined to issue a certificate of redemption. The fifteen months' period for redemption expired on March 12, and no redemption from the sheriff's certificate to Boddie

having been made, the master in chancery advertised the property for sale under the decree on April 21. Boddie became the purchaser at the sale on that day for $17,600. The original bill in the case now under review was filed April 19, 1920, by Lennartz against Boddie, Hindman, Off, the sheriff and the master in chancery, praying that the court adjudge the judgment in favor of Boddie against Off to be fraudulent; that Boddie was not a judgment creditor of Off and not entitled to redeem from the master's certificate and that his attempted redemption was void; that an injunction issue enjoining sale of the premises on April 21, 1920, and that the court may determine that the complainant is the owner of the premises. An amended and supplemental bill was filed on November 4, 1920, which alleged the sale of the premises by the master on April 21, 1920, to Boddie, its approval and the execution of a master's deed to him on April 27, and prayed that the attempted redemption of March 11, 1920, be adjudged null and void, and that the court find that the complainant tendered the full amount due to the master on March 12, 1920, and that on account thereof the premises were redeemed.

Under the decisions of this court a freehold was not involved in this litigation. A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, and also in cases where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. The original bill in this case sought to enjoin the sale by the master in chancery, and the supplemental bill prays that the sale made by the master, and the master's deed, be adjudged to be null and void, that the deed be delivered up for cancellation, and that the court decree that the complainant has the right to redeem the premises. The issues in the case do not necessarily require the decision of the question of freehold, and by the decree rendered neither party gained nor lost a

freehold. In the original bill there was no question of a freehold but only of the right of redemption.

The appellee by the conveyance to him had acquired Off's equity of redemption and there was no issue in the pleadings which required any adjudication as to his title. He clearly had the right to redeem from the master's certificate if there had been no redemption by a creditor. When the original bill was filed Boddie had no freehold title,— no title of any kind to the land which could be put in issue. He was merely the holder of a certificate of redemption and an execution creditor. The only controversy between the parties was as to the right of redemption. The title which appellant claims was acquired *pendente lite* through the master's sale, and it is claimed in the amended and supplemental bill that the sale was subject to the appellee's right of redemption, and this claim was sustained by the decree. The setting aside of the deed is merely incidental to the right of redemption sought by the bill and has no bearing upon the real controversy between the parties. (*Diggins* v. *Axtell,* 266 Ill. 564.) No freehold is involved in a suit to have a deed declared a mortgage and to redeem, although a deed made by the defendant *pendente lite* was set aside as an incident to the decree granting a right of redemption. (*Adamski* v. *Wieczorek,* 181 Ill. 361.) The decree in this case was, that if the appellee paid a certain sum of money that the master's deed be declared null and void, but if he did not pay it that his bill should be dismissed for want of equity. It merely gave him the right to redeem from the sale. The gain or loss of a freehold would not be the necessary result of the decree but would depend on the subsequent act of the party whose right to redeem was to be determined. A decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not avail himself, and does not involve a freehold. The word "freehold" does not include the mere right to do that which in equity would

entitle a party to a freehold. *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Ryan* v. *Sanford,* 133 id. 291; *Reagan* v. *Hooley,* 247 id. 430; *Peterson* v. *Peterson,* 264 id. 121.

As a freehold was not involved the Appellate Court had jurisdiction to determine the assignments of error and the cause should not have been transferred to this court. It will be transferred to the Appellate Court:

*Cause transferred.*