(No. 17305.—Cause transferred.)
GEORGE LILL, Appellee, *vs.* WILLIAM S. PACE *et al.*—
(SANFRID HARNSTROM, Appellant.)

*Opinion filed April 23, 1926.*

APPEALS AND ERRORS—*when freehold is not involved in a foreclosure suit.* Where the real issue upon a bill to foreclose or to redeem is whether the instrument, absolute on its face, is a deed or a mortgage, no freehold is involved permitting a direct appeal to the Supreme Court, even though, as an incident to the relief sought, a deed is to be set aside as a cloud and a cross-bill is filed praying that the deed be declared to be absolute.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

EDWIN L. WAUGH, and PAUL W. SCHROEDER, for appellant.

CHARLES E. HECKLER, for appellee.

FREDERICK KULL, for Charlotte L. and William S. Pace.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On April 21, 1923, George Lill filed a bill to foreclose a second mortgage of $26,000 and interest, and a third mortgage for $12,435 and interest, upon a twenty-seven apartment building located at the southeast corner of Sheridan road and Foster avenue, in Chicago. The defendants to the bill were William S. and Charlotte L. Pace, makers of the incumbrances; William E. Cloyes, as trustee in the second mortgage; Homer C. Dawson, as trustee in the third mortgage; the Chicago Title and Trust Company, as trustee in the first mortgage bond issue made in 1921 for $200,000; Lackner, Butz & Co.; Max Grossman, as trustee under a $60,000 trust deed filed in 1923; and Sanfrid Harnstrom, appellant. The bill alleged that the Paces being indebted to Harnstrom in the sum of $25,000, the better

to secure the payment conveyed the real estate to Harn-
strom, and that although the conveyance appeared on its
face to be absolute it was not intended to be such; that
Grossman claimed some right in the premises, the precise
nature of which was unknown to the complainant; that the
premises were scant and· meager security for the payment
of the amount due complainant, etc. The bill contained the
usual prayer for receiver and for foreclosure of the second
and third mortgages. A supplemental bill was filed by com-
plainant, alleging certain payments made by him on the
first mortgage bond issue. Harnstrom filed his answer and
cross-bill, alleging that neither of the Paces was indebted
to him on October 27, 1922, in the sum of $25,000 or in
any sum, but that on that day they conveyed to him the
real estate for $30,000, and that there was no understand-
ing or agreement between them for a re-conveyance of the
same and that he held the title in fee simple; that the
Paces had since sought to secure other moneys from him
and had claimed that his title was.that of a mortgage, only,
and in February, 1923, had executed a note and trust deed
to Max Grossman for $60,000, and that William S. Pace
had filed in the recorder's office of Cook county an affi-
davit alleging that the deed from himself and wife to cross-
complainant was only as security for a loan of $25,000, and
prayed in his cross-bill to have the said instruments made
subsequent to his deed removed as clouds on his title and
for the entry of a decree quieting, confirming and establish-
ing his title in fee simple. Issues were formed on the bill
and cross-bill and answers, and thereafter Charlotte L. Pace
filed her cross-bill, alleging that on October 28, 1922, Wil-
liam S. Pace borrowed $25,000, and to secure the same,
with interest at seven per cent, and $5000 commission, they
conveyed the said real estate to Harnstrom; that the deed
was not intended to be an absolute conveyance but only
security; that she repeatedly offered to re-pay him and he
refused to receive the same and re-convey. She prayed for

an accounting, and upon payment by her to Harnstrom of what should be found due him that said Harnstrom be decreed and compelled to re-convey. Harnstrom answered, denying the allegations of the cross-bill and alleging that he was the owner in fee of the real estate, free and clear of the interest of the Paces. Replications were filed to all answers to this bill and issues were joined.

The evidence upon all of the issues was conflicting and there was a dispute as to the value of the property. The master found the amount due George Lill to be $70,375.72, including $4000 solicitor's fees, for which he held Lill had a lien on said real estate, subject only to the trust deed to secure the first mortgage bond issue; that Harnstrom had agreed to loan Pace $25,000 upon payment of $5000 as commission, and that the commission was paid by Pace to Harnstrom and Pace received $25,000, the net proceeds of the loan; that at the time of the execution of the deed the property was worth about $450,000, and that the total incumbrance aforesaid of Lill and amount due on the first mortgage was $228,435. He found that the deed from Pace and wife to Harnstrom was in the nature of a mortgage to secure the payment of $25,000; that Harnstrom was only entitled to recover $25,000, with interest at five per cent, less rents received by him, and that the amount then due was $23,583.18, for which he had a lien, together with his costs, subject to the three prior incumbrances. The master also made other findings not material to this decision and recommended that the cross-bill of Harnstrom be dismissed for want of equity. Harnstrom's objections to the master's report were overruled and by order of court were allowed to stand as exceptions. The court overruled all exceptions and on December 1, 1925, entered a decree confirming the master's report, and entered a further decree in accordance with the master's recommendations and for sale of the property, etc., except that the Paces were to pay three-fifths of the costs and Harnstrom two-fifths thereof.

From this decree foreclosing the second and third mortgages held by Lill and holding the deed from the Paces to Harnstrom, absolute on its face, to be a mortgage and dismissing Harnstrom's cross-bill to remove clouds from his title for want of equity, Harnstrom has appealed direct to this court, assigning the usual and ordinary errors in such cases, none of which confer jurisdiction on this court.

This court has held in a great number of cases upon bills to redeem and bills to foreclose, where the instruments sought to be redeemed from or sought to be foreclosed are absolute on their faces and claimed to be mortgages, that the real issue in such cases is whether or not the instrument, absolute on its face, is a deed or a mortgage, and that such an issue, no matter how contested, does not involve directly a freehold, and for that reason a writ of error or direct appeal will not lie to this court, no matter how the issue may be decided. (*Lynch* v. *Jackson,* 123 Ill. 360; *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 id. 199; *Adamski* v. *Wieczorek,* 181 id. 361; *Eddleman* v. *Fasig,* 218 id. 340; *Burroughs* v. *Kotz,* 226 id. 40; *Reagan* v. *Hooley,* 247 id. 430; *Oswald* v. *Hexter,* 254 id. 158; *Funk* v. *Fowler,* 264 id. 21; *Wendell* v. *MacKenzie,* 307 id. 109; *Hajicek* v. *Goldsby,* 309 id. 372.) The foregoing rule applies even in the cases where, as a mere incident to the relief sought, deeds are set aside as clouds; and the same rule is applied where cross-bills are filed praying that the deed be declared an absolute deed or for other relief, as on a cross-bill for partition. (*Hajicek* v. *Goldsby, supra; Wendell* v. *MacKenzie, supra; Eddleman* v. *Fasig, supra.*) The controlling issue in this case is whether or not the deed in question is an absolute deed or mortgage, and no freehold interest is directly involved in this litigation.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*