(No. 24683.—

ALBERT E. SWINSON, Appellee, *v.* SYLVIA SODAMAN, Appellant.

*Opinion filed October 13, 1938.*

C. A. PEDDERSON, for appellant.

CHARLES S. THOMAS, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The sole question which requires consideration on this appeal is whether a freehold is involved in the litigation. From the pleadings and the evidence it appears that on November 2, 1931, Albert E. Swinson, owner of a seventy-acre farm in Winnebago county, and his wife executed their promissory note for $3000, due in five years, with interest at five and one-half per cent, payable annually, and secured its payment by a trust deed in the nature of a mortgage to Everette G. Patterson. Subsequently, Sylvia Sodaman became the owner of the note. Default was made in the payment of the principal at maturity. Interest was also in arrears, only $50 having been paid during the five-year period. Defendant had paid the taxes on the real estate for three years, amounting to $215.84, and redeemed the property from a tax sale. Extended negotiations for a settlement of the indebtedness took place during the summer of 1936. Thereafter, Swinson and his wife executed and delivered to Mrs. Sodaman a warranty deed, dated November 11, 1936, which recited, among other things, that it was made voluntarily and under no compulsion or restraint, that it was an absolute conveyance of title in effect as well as form, and, in particular, was not intended as a trust conveyance, or security of any kind. The consideration expressed in the deed was the full release of all debts, notes, obligations, costs and charges theretofore subsisting on account and by the terms of the trust deed. Mrs. Sodaman did not surrender the note and the trust deed to Swinson, nor did she cause the latter to be released. On November 24, 1936, Mrs. Sodaman and Swinson entered into a written lease whereby he agreed to pay her $30 per month as rent for the farm from March 1, 1937, to March 1, 1938. Of the stipulated rental Swinson paid her $180. On October 1, 1937, Swinson, by his duly authorized agent, offered to pay Mrs. Sodaman $3000 and to reimburse her for the taxes which she had paid, requesting her to execute a deed

re-conveying the premises to him. This, she refused to do. Swinson was occupying the premises on December 3, 1937, when he instituted this suit.

By his complaint, captioned "Bill to Redeem," the plaintiff, Swinson, charged that in order to avert a foreclosure he and the defendant, Mrs. Sodaman, made an oral agreement by which he and his wife would execute a warranty deed to defendant and, at the time of its delivery, she would deliver to him an option, until March 2, 1938, to repurchase or redeem the land upon payment of $3000, together with all taxes paid by her, and, further, that the rent of $30 per month should abate upon the exercise of the option to repurchase, and the amount paid prior thereto be credited upon the amount necessary to redeem the premises. Claiming to be the owner of the equity of redemption to the property, plaintiff, by appropriate allegations, charged that pursuant to the oral agreement he and his wife delivered their warranty deed to defendant which she caused to be recorded on February 19, 1937; that although the deed appears to be absolute on its face such was not the intention of the parties, it being understood between them that the instrument was not to be filed for record until March 1, 1938. Plaintiff alleged, further, that defendant refused to execute and deliver a written option granting him the right to repurchase. The relief sought was an accounting and, upon the payment to defendant of the sum due her, if any, a reconveyance of the premises to plaintiff.

By her answer defendant denied that the warranty deed was not intended as an absolute conveyance, that it was not to be recorded until March 1, 1938, and that plaintiff was the owner of the equity of redemption. She averred that the deed was executed at plaintiff's request and upon his statement that he did not desire to have a deficiency judgment taken against him or to suffer the embarrassment of a foreclosure; that, in consideration of the foregoing and a release of liability for the mortgage indebtedness, plain-

tiff entered into a contract with her, the defendant, the terms being incorporated in the deed; that her acceptance of the deed consummated the contract, and that any conversation or oral understanding was merged in the written agreement. Answering further, defendant denied not only granting plaintiff an option to repurchase the property but also that the rent under the lease was to abate under any kind of an option to repurchase. Her refusal to account with plaintiff or to reconvey the property to him, defendant answered, was for the reason that such rights as he may have had in the premises had long since expired.

The chancellor found that the warranty deed was intended as a mortgage and as additional security to plaintiff's indebtedness to defendant. Accordingly, the decree adjudged that she was to be deemed the mortgagee of the premises and that plaintiff be allowed to redeem by paying her $3215.84 on or before March 1, 1938. The decree commanded defendant, upon the payment to her of this sum by plaintiff, to convey to him all her right, title and interest to the property; to cancel and surrender the note, and cause to be released of record the trust deed securing it. If plaintiff failed to pay defendant the sum of $3215.84 on or before March 1, 1938, the decree further ordered, his right to a deed of the premises from the defendant should cease and determine, the complaint stand dismissed and he have no interest in the property. Defendant has appealed directly to this court, apparently on the assumption that a freehold is involved.

A freehold is involved where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. (*Lennartz* v. *Boddie,* 304 Ill. 484; *Peterson* v. *Peterson,* 264 id. 121; *Burroughs* v. *Kotz,* 226 id. 40.) For this court

to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. (*Kagy* v. *Luke*, 357 Ill. 512.) The decisive issue made by the pleadings, presented by the proof adduced, and argued by the parties, is whether the warranty deed was an absolute conveyance or a mortgage from which plaintiff was entitled to redeem. It is settled that a suit to have a deed to a tract of land, absolute on its face, declared a mortgage and to redeem from it does not involve a freehold. (*Lill* v. *Pace*, 320 Ill. 522; *Hajicek* v. *Goldsby*, 309 id. 372; *Lennartz* v. *Boddie, supra; Funk* v. *Fowler*, 264 Ill. 21; *Oswald* v. *Hexter*, 254 id. 158; *Peterson* v. *Peterson, supra; Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Lynch* v. *Jackson*, 123 id. 360.) In determining whether a freehold is involved it is immaterial which way the trial court decided the issue. (*Lill* v. *Pace, supra; Funk* v. *Fowler, supra.*) A decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not elect to avail himself. (*Wright* v. *Logan*, 364 Ill. 33; *Lennartz* v. *Boddie, supra.*) Here, the challenged decree ordered a conveyance of defendant's interest in the farm to plaintiff provided he paid her a specified sum of money within a designated time. On the other hand, if he did not pay within the prescribed period, his complaint, it was adjudged, should stand dismissed for the want of equity. The gain or loss of a freehold, it follows, would not be the necessary result of the decree rendered but would depend upon the subsequent act or inaction of the plaintiff. *Peterson* v. *Peterson, supra; Ryan* v. *Sanford*, 133 Ill. 291.

The cause is transferred to the Appellate Court for the Second District.