(No. 25795.)

GEORGE E. CARLSON *et al.* Appellants, *vs.* THE CHICAGO TITLE AND TRUST COMPANY *et al.* Appellees.

*Opinion filed December 12, 1940.*

JAMES D. MURPHY, (JAMES A. CAREY, and ALBIN DOMMERMUTH, of counsel,) for appellants.

MILLER, GORHAM, WESCOTT & ADAMS, HAROLD L. REEVE, and C. F. FAUST, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing a complaint for want of equity. Appellees filed a motion to transfer the cause to the Appellate Court which motion was taken with the case.

Appellants owned the fee of an undivided one-half of certain real estate located in Cook county. Fritz Anderson and Hilma Anderson owned the other one-half. In March,

1925, the several owners executed a trust deed to secure a bond issue of $120,000. The bonds were to mature serially, the last becoming due March 16, 1932. All payments of principal and interest which matured on and prior to March 16, 1930, were paid in full, but default was made in the maturities of March, 1931.

Appellants and the Andersons owned other real estate in common and in April, 1931, a mutual separation of interest was effected whereby appellants became the sole owners of the property in question. They had the title transferred to John Swanson and Tillie Swanson, as joint tenants. In March, 1932, the Swansons, with the approval of appellants, conveyed by quitclaim deed to Edna Carlson, a sister of appellant George Carlson.

In 1931, appellants, the trustee named in the trust deed, and others representing the bondholders, entered into a refinancing agreement in which appellants were to be given certain rights of redemption. As a part of the agreement, appellants caused Edna Carlson to transfer the title to Harry G. Zimmerman. December 15, 1932, Zimmerman conveyed to the Chicago Title and Trust Company, as trustee under trust No. 29983. Appellants defaulted in their payments.

In 1938, appellants instituted this suit asking that the deed from Edna Carlson to Harry G. Zimmerman be decreed to have been given as additional security to the indebtedness secured by the trust deed of March 16, 1925; that the Chicago Title and Trust Company, as trustee under the liquidation trust No. 29983, be required to reconvey, that an accounting be had of the amount due from appellants on the bonded indebtedness and of the rents collected by the trustee, that appellants be given the right of redemption and in the event they were unable to pay the amount due and owing to the holders of the bonds, the court to order the defendants to institute a suit to foreclose the lien of the trust deed of 1925 and the appellants be given the right of redemption from such decree.

The primary issue appellants tendered by their pleadings and the one upon which the case was tried and is presented here was whether the deed from Edna Carlson to Harry G. Zimmerman was an absolute conveyance or if it was given as additional security to the prior bonded indebtedness. Appellants contend it was given as additional security and that they have been denied their right of redemption.

The decree dismissing appellants' complaint for want of equity did not take a freehold from them but denied them the right to redemption. If the decree had been as prayed by appellants, it would not have given them a freehold in the first instance but allowed them a right of redemption.

A freehold is involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate or where the title to a freehold is so put in issue by the pleading that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. (*Swinson* v. *Sodaman,* 369 Ill. 442; *Lennartz* v. *Boddie,* 304 id. 484; *Peterson* v. *Peterson,* 264 id. 121.) The right of redemption under a conveyance absolute on its face but which is claimed to be a mortgage, does not involve a freehold for the reason that a decree in favor of the person claiming such right would only establish a right to redeem. The right of redemption granted, the gaining of the freehold would still be subject to the further act of redemption which the party making the claim might or might not perform. The word "freehold" does not include the mere right to do that which in equity will entitle the party to a freehold. (*Swinson* v. *Sodaman, supra; Peterson* v. *Peterson, supra.*) Appellees motion to transfer is allowed, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*