(No. 28735.—

JOHANN VIDON, Appellant, *vs.* ROSA ROBERTS, Appellee.

*Opinion filed January 23, 1946.*

CLARENCE W. SCHAEFFER, and DAVID H. KRAFT, both of Chicago, for appellant.

ECKERT & PETERSON, (WILLIAM U. BARDWELL, and MELVIN L. GIBBARD, of counsel,) all of Chicago, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Johann Vidon filed this suit in the superior court of Cook county against Rosa Roberts, claiming that two warranty deeds made by him on March 5, 1930, one to property in Lake county and one to property in Cook county, were made not as absolute conveyances but merely as security for the payment of certain indebtedness owing

from him to the grantee therein, one Hedwig Knollmuller, since deceased, through whom the defendant held title to said properties. He prayed that he be adjudged the owner of the real estate and that an accounting be had. Defendant answered the amended complaint. She also filed counterclaim for foreclosure of the Cook county property, to which plaintiff made answer. The cause was then referred to a master in chancery who heard the evidence and found and reported, in an original and supplementary report, that the net amount due from plaintiff upon the Lake county property was the sum of $6353.34, and the net amount due from him upon the Cook county property $9890.87, that plaintiff was entitled to redeem each of these properties upon payment to defendant of the respective amounts due thereon, that the plaintiff had no interest in a certain $2700 note signed by one Green, and that said note was not held by either Hedwig Knollmuller or Rosa Roberts, at any time, as collateral security for any indebtedness of the plaintiff. Exceptions to the master's reports were filed by plaintiff. The hearing on the exceptions was continued from time to time, and on October 27, 1944, the following order of court was entered and signed by the presiding judge:

"On motion of attorneys for both parties hereto, this matter having come on to be heard upon the continued motion of the plaintiff on his exceptions to the original report and second supplemental report of the master herein, the parties being present in person and by counsel in open court and having amicably settled and adjusted all matters in controversy between them existing

It is hereby ordered, adjudged and decreed that this cause be and the same is hereby continued to November 9, 1944, at 10:30 A.M., without further notice and for the sole purpose of entry of a decree herein providing among other things as follows:

1. The defendant to pay the plaintiff the sum of Five Hundred Dollars ($500) and satisfy the judgment in case No. 42S5750 in this court.

2. Defendant to pay any additional fees of the master in chancery herein not heretofore paid and hold plaintiff harmless in reference thereto.

3. Plaintiff to execute any and all documents and instruments necessary to vest title in defendant to the parcels of real estate described in the complaint, to eliminate any objections arising by reason of any rights in him which might prevent vesting of said title.

4. The parties to exchange mutual general releases.

5. The decree to find Vidon has no interest in Green note and that the same was not given as collateral security to the $1500 note of Vidon."

Opposite the signature of the judge to this order, appear the signatures of the plaintiff and defendant, underneath the letters "o.k."

November 9, 1944, a final decree was entered, but instead of being a decree in conformity with the order of October 27 and the stipulation of the parties of that date, it was wholly at variance therewith. The decree entered overruled the exceptions to the master's reports, dismissed the counterclaim, found the net amounts due from plaintiff to defendant upon the respective properties to be $6353.34 on the Lake county property and $9890.87 on the Cook county property, and provided that the plaintiff should be allowed to redeem said real estate, or either parcel, upon payment of the amount due thereon within thirty days, and that in the event the property, or either parcel thereof, should not be so redeemed, the plaintiff should be forever barred and foreclosed of and from any and all rights of redemption therein and divested of all right, title and interest in and to the premises.

December 1, 1944, plaintiff filed a petition calling the court's attention to the variance between the decree of November 9 and the order of October 27, and alleging that by reason thereof, and the further reason that payment to him of the $500 had not been made, the stipulation of the parties to the entry of a decree in accordance with the terms of the order had lapsed and expired and had been repudiated by the defendant. He further set up in the petition that he did not understand when the order of

384

October 27 was entered that under the stipulation he was to make conveyance of the property in Lake county, but believed that the stipulation only required of him a conveyance of the property in Cook county, and that his approval of the terms of the order of October 27 was thus made through error, misapprehension and mistake. The prayer of the petition was that both the decree of November 9 and the order of October 27 be vacated, that the plaintiff be granted a hearing upon his exceptions to the master's reports, and that the cause be restored and reinstated to its condition prior to the entry of said decree and order; or, in the alternative, the prayer of the petition was that the decree of November 9 be vacated and in lieu thereof an appropriate decree entered in accordance with the provisions and terms of the order of October 27, and that the court enforce performance of the obligations of the defendant under the terms of such order.

A hearing on the petition was had on December 11, 1944, and on that day a decree entered vacating the decree of November 9, 1944, but denying the motion of plaintiff to vacate the order of October 27, 1944. The decree entered found that plaintiff had no interest in the Green note, and ordered that within twenty days the defendant pay to the plaintiff the sum of $500 and satisfy in full the judgment entered in case No. 42S5750 in that court and pay any additional fees of the master in chancery; that within twenty days the plaintiff execute any and all documents and instruments necessary to vest title to the premises in the defendant, so as to eliminate any objections arising by reason of any rights in him which might prevent vesting of title, and that within twenty days the plaintiff and defendant exchange mutual general releases.

December 28, 1944, plaintiff, in writing, moved to strike from his petition of December 1, 1944, the alternative prayer for relief, to vacate the decree of December 11 and the order of October 27, and that the cause be restored

and reinstated to its condition prior to the entry of such order, and the. plaintiff be granted a hearing upon his exceptions to the master's reports. This motion was denied on December 29, 1944; and plaintiff has taken an appeal to this court from the final decree of December 11, 1944, and from the orders of October 27, and December 29, 1944, contending that the trial court abused its discretion in enforcing the stipulation and refusing to vacate the order of October 27 and the decree of December 11, 1944.

This presents the issues for determination and at the same time brings up sharply the question of our jurisdiction on direct appeal. This, of course, would depend upon whether or not a freehold is directly involved in the litigation. For the court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. The pleadings disclose the deeds were made, not as absolute conveyances, but as security only for the payment of certain indebtedness owing from plaintiff to the grantee therein. It appears the cause was referred to a master in chancery who heard the evidence and found the amount due on each of the properties and that plaintiff was entitled to redeem each of these properties · upon payment to the defendant of the respective amounts due thereon. Objection was made to the master's report and in the course of the proceedings before the chancellor a stipulation was entered into which presented a different phase in the litigation. This did not, however, in any manner obviate the jurisdictional question as disclosed by the pleadings. Under the allegations as set out in the pleadings, plaintiff was entitled to redeem by paying the sums found due in the master's report. In this respect the pleadings control in determining whether or not a freehold is involved. Stipulations entered into which might produce a different result would be of no avail. In determining whether a freehold is involved it is immaterial

which way the trial court decides the issue. (*Lill* v. *Pace,* 320 Ill. 522; *Funk* v. *Fowler,* 264 Ill. 21.) A decree in favor of a party claiming a right of redemption merely establishes his right to redeem, of which he may or may not elect to avail himself. (*Wright* v. *Logan,* 364 Ill. 33; *Lennartz* v. *Boddie,* 304 Ill. 484.) It affirmatively appears from the pleadings here that plaintiff's contention is that the deeds are not absolute conveyances but are only instruments made to secure an indebtedness from which plaintiff has a right to redeem. This does not involve a freehold in such way as to give this court jurisdiction on a direct appeal.

This court has repeatedly held that a suit to have a deed to a tract of land, absolute on its face, declared a mortgage and to redeem from it does not involve a freehold. *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125; *Swinson* v. *Sodaman,* 369 Ill. 442; *Lill* v. *Pace,* 320 Ill. 522; *Hajicek* v. *Goldsby,* 309 Ill. 372; *Lennartz* v. *Boddie,* 304 Ill. 484; *Funk* v. *Fowler,* 264 Ill. 21; *Oswald* v. *Hexter,* 254 Ill. 158; *Peterson* v. *Peterson,* 264 Ill. 121; *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199; *Lynch* v. *Jackson,* 123 Ill. 360.

The gain or loss of a freehold would not be the necessary result of a decree on the pleadings as contended for by appellant, but would depend upon the subsequent act or inaction of plaintiff. *Swinson* v. *Sodaman,* 369 Ill. 442; *Peterson* v. *Peterson,* 264 Ill. 121; *Ryan* v. *Sanford,* 133 Ill. 291.

This court not having jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*