(No. 32005.—

EDWARD A. MURRAY, Appellee, *vs.* JOHN L. SHERIDAN *et al.*—(ROBERT J. BLAKE *et al.,* Appellants.)

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

ALLEN, DARLINGTON & ELLIOTT, of Chicago, for appellants.

JOSEPH F. ELWARD, and EDWARD S. MACIE, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellee, doing business as Murray Coal Company, a judgment creditor of John L. Sheridan and his wife, Frances M. Sheridan, filed an amended complaint in the superior court of Cook County praying that a certain deed from the Sheridans to appellants be decreed to be a mort-

gage. The amended complaint alleged that appellee had obtained a judgment against the defendants, John L. Sheridan and Frances M. Sheridan, which remains unsatisfied; that thereafter Sheridan and his wife conveyed the real estate in which they made their home to appellants, Robert J. Blake and Margaret Blake; that Sheridan was indebted to Blake, and that the conveyance to the Blakes, while absolute in form, was in fact in the nature of a mortgage given to secure the indebtedness. The obvious purpose of the litigation was to make the real estate in question subject to the payment of the judgment of appellee. A decree was entered, in conformity with the prayer of the complaint, declaring the fee-simple title to the real estate in question to be in John L. Sheridan and Frances M. Sheridan, subject to a mortgage to appellants for whatever sum might be found to be due them. It is appellants' contention that the conveyance to them was an absolute conveyance of the property in question.

Neither party to the appeal has questioned our jurisdiction. It is fundamental that we have only such appellate jurisdiction as is given to us by law. The court must, therefore, of its own motion, inquire into its jurisdiction, and neither the consent of the parties nor their desire that we should consider a case can confer jurisdiction upon us if we have it not. *Jones* v. *Horrom,* 363 Ill. 193; *Prudential Ins. Co.* v. *Hoge,* 359 Ill. 36.

It is apparent from an examination of the record that there is no question in this case which gives this court jurisdiction. A freehold is not directly involved in a suit by a judgment creditor to set aside a fraudulent conveyance made by a debtor and to subject the land conveyed to the payment of the judgment. (*Feltinton* v. *Rudnik,* 401 Ill. 362; *Bradford Nat. Bank* v. *Floyd,* 368 Ill. 187.) The same rule applies in a suit to have a deed to a tract of land, absolute on its face, declared a mortgage. (*Vidon* v. *Roberts,* 392 Ill. 381; *Carlson* v. *Chicago Title and*

*Trust Co.* 375 Ill. 125.) Before this court can entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, it must appear that a freehold is directly, and not collaterally, contingently and incidentally involved. *Swinson* v. *Sodaman,* 369 Ill. 442.

This court not having jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*