(No. 32483.—

MEDICAL CENTER COMMISSION *vs.* MARGARET BANKS *et al.*
—(PATSY LAMAGNA, Appellee, *vs.* ETHEL REDLICH, Appellant.)

*Opinion filed November 20, 1952.*

ADOLPH L. HAAS, of Chicago, (EARL FREEMAN, of counsel,) for appellant.

ECKHART, KLEIN, McSWAIN & CAMPBELL, of Chicago, (M. A. PALUMBO, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellant, Ethel Redlich, seeks a reversal of an order of the circuit court of Cook County sustaining the petition of appellee, Patsy LaMagna, for a pay-out order of

$13,181.31, previously allowed by a jury in condemnation proceedings and invalidating an alleged lien of appellant on appellee's real estate.

The undisputed facts are: A petition to condemn certain real estate under the Eminent Domain Act of the State of Illinois was filed on January 12, 1951, by the Medical Center Commission. One of the described parcels of real estate was that involved in this dispute, owned by the appellee, and on which appellant claimed a lien. Verdict was returned fixing the award for this parcel at $13,000. Judgment was entered on this award on June 14, 1951, giving the condemnor 180 days to pay the award, interest from date of award, and costs to the owners or persons interested in the parcel, or to the county treasurer of Cook County for the use and benefit of such owner or persons. On September 21, 1951, the award and costs for this parcel were deposited with the county treasurer. On December 19, 1951, a petition for a pay-out order was filed in the circuit court of Cook County by appellee. In this petition appellee alleged that he is the legal title holder of record of this parcel of real estate, a guarantee policy having been issued by the Chicago Title and Trust Company showing fee-simple title in petitioner, and that he was such record owner of the property when the condemnation petition was filed. Appellee alleged there were no liens unsatisfied or not cancelled of record against him except a certain trust deed dated January 7, 1946, securing a note for $6000 with interest at 5 per cent, which indebtedness had been fully paid but was not cancelled of record due to the wrongful refusal of the holder to return same. The petition prayed for an order directing the county treasurer of Cook County to pay the petitioner the award of $13,000 plus costs of $5 and interest of $176.31. Appellant, on December 24, 1951, answered, averring she is the owner of the aforementioned trust deed and denying that the indebtedness had been fully paid. She alleged that $3,100

is due and owing upon the indebtedness and that the trust deed is a good and valid lien on the premises.

Upon hearing being had, the appellee introduced as his only evidence twenty-three checks signed by appellee and payable to one Harry Freeman in amounts of one, two, three and six hundred dollars, aggregating $6600. The court held these checks constituted a *prima facie* case shifting the burden to appellant.

Harry Freeman testified that in 1946, in behalf of Ethel Redlich, he made a loan to appellee for $6000 and as security therefor appellee executed a note and trust deed covering the premises. These instruments were admitted into evidence. The note was dated January 7, 1946, payable at the rate of $100 per week at the office of Harry Freeman. Freeman said he kept personal ledger sheets of the payments received from petitioner, and his independent recollection of the balance due on this note was $3100. Appellant also offered evidence that she had loaned $15,000 to the Medford Brewing Company, of which appellee was president, evidenced by a note dated April 10, 1946, and signed by appellee, as president of Medford Brewing Company. The court refused to admit the note, since it was torn into four pieces and was not the personal note of appellee. Appellant claimed the payments on the $15,000 loan were made by appellee's personal checks. The appellant then made an offer to prove that Freeman made a loan of $15,000 to the corporation and applied appellee's checks to the payment of both the $6000 and the $15,000 loans, and that in October of 1947 appellee agreed to pay the $3100 balance due on the $6000 loan. The court rejected the offer of proof and entered the order for appellee.

From the foregoing it is obvious that no franchise is involved. No claim is made that the validity of a statute or a construction of the constitution is involved. A freehold is only involved where either the necessary result of the judgment or decree is that one party gains and the

other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly and not collaterally, contingently, or incidentally involved. (*Swinson* v. *Sodaman,* 369 Ill. 442; *Murray* v. *Sheridan,* 411 Ill. 65.) The determination of the validity of the lien in this case will not result in the loss or gain of a freehold, but merely determines the right of the parties to share in the award. Hence, no freehold is here involved on which direct appeal may be predicated. Moreover, this is not a case in which the State of Illinois is interested, for, no matter what may be the outcome, the State of Illinois, as such, cannot gain or lose. Neither does this case relate in any remote way to the revenue.

Section 12 of the Eminent Domain Act, requires that "In all cases, in either the circuit or county court, or before a Circuit or County Judge, an appeal as in other civil cases shall lie to the Supreme Court." (Ill. Rev. Stat. 1951, chap. 47, par. 12.) This court has held that section 12, relating to appeals to this court, is not applicable to a proceeding in any court to determine conflicting claims in a money award paid to the county treasurer under section 14, (providing that "Payment of compensation adjudged may, in all cases, * * * be made to the county treasurer, who shall, on demand, pay the same to the party thereto entitled, taking receipt therefore," etc.,) where no question is involved which would otherwise invoke the appellate jurisdiction of this court. *City of Chicago* v. *McDonough,* 351 Ill. 200.

The appellate jurisdiction of this court has not been properly invoked in this proceeding. Having no jurisdiction, we are compelled to transfer the cause to the Appellate Court for the First District. *Cause transferred.*