(No. 32450.—

ROBERT HARVELL *et al.,* Appellants, *v.* MILTON H. SOLOMON
*et al.,*—(BETTE SOLOMON *et al.,* Appellees.)

*Opinion filed January 22, 1953.*

HEBER T. DOTSON, of Chicago, for appellants.

IRVING L. BLOCK, and LEVIN & RESSMAN, both of
Chicago, (JEROME S. BLONDER, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

This appeal comes here directly from the circuit court
of Cook County and seeks reversal of an order of that
court sustaining the motion of Bette Solomon and Al Den-
berg, appellees here, to dismiss them as defendants, and
dismissing them in accordance therewith. Said motions
were filed pursuant to the provisions of section 48G of the
Civil Practice Act and had certain affidavits attached thereto.

The original complaint in this case was filed on August 19, 1949. Thereafter, on November 1, 1949, plaintiffs filed an amended complaint alleging that they are owners of certain property located at 4240 Langley Avenue in Chicago; that in order to repair fire damage to that property they negotiated a usurious loan from the defendant Al Denberg; that as security for said loan they conveyed the premises to Denberg by warranty deed and received in return an installment contract for a warranty deed to these premises. Plaintiffs further alleged that they understood the said deed and contract to be a mortgage. Denberg subsequently sold the property to Milton H. Solomon and Bette Solomon. Plaintiffs defaulted in their payments on the said contract of purchase, and the Solomons served them with a notice of termination. Plaintiffs prayed that their conveyance be decreed a mortgage, that the court find the contract to be usurious, and for a reconveyance and an accounting of rents.

To this amended complaint Milton H. Solomon filed a motion to dismiss the cause as to him, pursuant to section 48G of the Civil Practice Act. In the affidavit attached to and made a part of his motion he alleged in substance that the facts giving rise to plaintiffs' cause of action occurred prior to May 3, 1949, at which time the Solomons filed a forcible detainer suit in the municipal court of Chicago; that plaintiffs thereupon filed a bill in chancery in the circuit court of Cook County, seeking substantially the same relief as here, and praying a temporary restraining order which was denied. The parties then negotiated a settlement agreement whereby appellants agreed to pay $3100 in the form of $2725 in cash and $375 in installments secured by a junior mortgage. Appellees insisted that before this agreement could be entered into by them a judgment for possession in their favor would have to be entered in the municipal court proceeding, and a general release given by appellants to appellees. Appellants so agreed, and pur-

suant thereto a judgment for possession was entered in the municipal court against appellants on June 6, 1949, and a writ of restitution was stayed thirty days to enable appellants to raise their funds. Appellants signed a written release reciting that the release, the dismissal of their circuit court case, and the entry of the municipal court judgment were in full release of any claims of appellants then pending against appellees. Then an escrow agreement was entered into placing a deed to the premises from the Solomons to appellants in escrow. This deed was to enable appellants to secure a loan upon the premises. A quitclaim deed of reconveyance was placed in escrow. Objections to title not having been cleared by appellants within the time limited for deposit of the cash, the Solomons exercised their rights under the terms of the escrow and obtained a reconveyance. Milton H. Solomon then argued that these appellants ought not to have their cause of action because by their warranty deed they parted with all right, title and interest in and to these premises and because with full knowledge of their rights and being duly represented by counsel they executed a release and waived the causes of action set forth in their complaint. His motion being sustained on January 28, 1950, Milton H. Solomon was dismissed as a defendant. No appeal was taken from that order.

On January 27, 1950, Bette Solomon filed a motion to dismiss the amended complaint. Appellees then secured a change of venue, and on February 7, 1950, Al Denberg filed a motion to dismiss as to him. Both of these motions and their accompanying affidavits were substantially the same as that of Milton H. Solomon. The motions were denied and Al Denberg and Bette Solomon were ordered to answer. December 12, 1950, the denial of the motions to dismiss was vacated and both motions were allowed. Bette Solomon and Al Denberg were accordingly dismissed. It is from that order that this appeal is taken.

Appellants invoke our jurisdiction on the ground that a freehold is necessarily involved. No other jurisdictional grounds are urged, nor do any appear on examination of the record. We have repeatedly held that a freehold is involved, sufficiently to give this court jurisdiction of a direct appeal, where the necessary result of the judgment or decree is that one party gains and the other loses a freehold or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. It must appear that a freehold is directly and not collaterally, contingently or incidentally involved. (*Swinson* v. *Sodaman,* 369 Ill. 442.) The primary prayer of the complaint is that appellants' deed to Denberg be declared a mortgage, and the prayer that Denberg's deed to the Solomons be set aside is contingent to the determination of the other prayer. It has been repeatedly held and clearly enunciated by this court that a suit to have a deed, absolute on its face, declared a mortgage does not involve a freehold. (*Murray* v. *Sheridan,* 411 Ill. 65; *Vidon* v. *Roberts,* 392 Ill. 381; *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125.) For that reason, no jurisdiction is conferred to hear this appeal. Moreover this appeal is from an order of the trial court dismissing the defendants for failure to state a cause of action against them. None of the errors assigned relate directly to a question involving a freehold or any other ground of direct review, nor do the pleadings or affidavits supply a proper jurisdictional basis, and the appeal should consequently have been taken to the Appellate Court. (*Dombrowski* v. *Vallely,* 409 Ill. 596.) Accordingly, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*