(No. 32951.—

ROSE C. PETRU, Appellant, *vs.* EDMUND J. PETRU, Appellee.

*Opinion filed January 20, 1954.*

EDWARD F. ZAHOUR, and RICHARD M. SPENCER, both of Chicago, for appellant.

DAVID J. A. HAYES, (ALBERT E. JENNER, JR., and KENNETH J. BURNS, JR., of counsel,) all of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This action was brought by Rose C. Petru, widow of Miles C. Petru, to set aside an antenuptial agreement executed by them on December 30, 1944. The circuit court of Cook County dismissed plaintiff's complaint for want of equity, and plaintiff has brought a direct appeal to this court.

The antenuptial agreement in question provided that if Rose Petru should survive Miles Petru as his widow, she should receive the real estate occupied by him as a home and the sum of $50,000, in place and stead of any and all rights which she might have had as widow. After the execution of this agreement, the parties thereto were married on September 15, 1945. On December 19, 1949, Miles Petru died leaving Rose Petru surviving as his widow, and leaving a will which, in general, stated that an ante-

nuptial agreement had been executed by his wife, Rose, and himself, recited the terms of that agreement, provided that certain other personalty should go to Rose in addition to the property she received under the antenuptial agreement, and gave to his brother, the defendant in this case, the residue of his estate which included certain real property.

Plaintiff's direct appeal is brought on the theory that a freehold is involved. Appellant has advanced a somewhat unique argument in support of this position. The contention is that if the antenuptial agreement is set aside, the widow will renounce the will and take her statutory share in the real property disposed of by the will. Thus, she claims that she will gain and appellee will lose a freehold estate in said realty. Appellant also points out that the facts of this particular case make it apparent that she intends ultimately to renounce under said will. She then invokes the equitable maxim "Equity looks upon that as done which ought to have been done."

This court has repeatedly held that a "freehold" is involved, so that an appeal can be taken directly to the Supreme Court, only where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Campo* v. *Grunewald,* 391 Ill. 91; *Joslyn* v. *Joslyn,* 380 Ill. 181; *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125; *Swinson* v. *Sodaman,* 369 Ill. 442.) Moreover, for the Supreme Court to entertain jurisdiction of a direct appeal on the ground that a freehold is involved, a freehold must be directly, and not collaterally, contingently or incidentally involved. *Vidon* v. *Roberts,* 392 Ill. 381; *Wylie* v. *O'Connor,* 363 Ill. 615.

In the case at bar, appellant will gain and appellee will lose a freehold estate only in the event that, after a decree setting aside the antenuptial agreement, appellant renounces

her rights under the will. The decree, in itself, would not directly affect the freehold, but would only put appellant in a position in which, by subsequent act, she might gain a freehold estate.

In a recent case where plaintiff brought suit for construction of a trust agreement averring that after a decree in his favor he would thereafter be in a position to seek partition of a freehold estate, we stated, "A freehold is never involved, within the contemplation of section 75 of the Civil Practice Act, [Ill. Rev. Stat. 1949, chap. 110, par. 199,] except where the primary object of the action is a recovery of the freehold estate, the title to which is directly put in issue, and the word 'freehold' as employed in that act does not include the mere right to do that which in equity would entitle a party to a freehold, * * *." (*Trainor* v. *Trust Co. of Chicago,* 408 Ill. 296.) Similarly, in *Neale* v. *Parks,* 408 Ill. 212, it was held that if the gain or loss of a freehold is dependent upon the subsequent act or inaction of a named defendant or plaintiff a freehold is not involved.

We are of the opinion that the above rules clearly govern the decision in the instant case. Although it well may be, as appellant suggests, that under these particular circumstances there appears to be little doubt but that the widow would ultimately renounce her rights under the will, in other cases which may come before us prediction as to whether or not there will be renunciation is likely to be highly speculative. In any event, our jurisdiction in such cases should not depend upon an appraisal of the future conduct of the parties to the litigation.

We conclude, therefore, that this court has no jurisdiction of the cause, and it must accordingly be transferred to the Appellate Court for the First District.

*Cause transferred.*