(No. 19831.—

GROVER W. WATSON, Trustee, Appellee, *vs.* LAURA E. WIL-LERTON *et al.*—(AMOS WILSON, Admr., Appellant.)

*Opinion filed December 20, 1929.*

F. K. LEMON, and L. O. WILLIAMS, for appellant.

HERRICK & HERRICK, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of DeWitt county granting the prayer of appellee's bill and striking appellant's cross-bill from the files.

The original bill filed by appellee alleges that on March 6, 1928, one Smith Fuller and his wife and one Kempton S. Fuller and his wife conveyed to appellee 211 acres of real estate situated in DeWitt county, solely for the benefit of the unsecured creditors of the Fullers; that said deed was filed for record the next day and that appellee held the property as trustee for such creditors. The deed was a warranty deed conveying the land to appellee in fee simple, subject to an easement of the Ozark Pipe Line Corporation for a pipe line and subject to a mortgage indebtedness to the Illinois Joint Stock Land Bank of Monticello in the sum of $21,000. Appellee alleges in his bill that he accepted the deed solely as trustee for the benefit of the unsecured creditors of the Fullers; that no other consideration passed between them and that he makes no claim of any other interest in the premises. He alleges that by agreement with the Fullers he is to sell the property and divide the proceeds ratably, after the payment of expenses, among the unsecured creditors of the Fullers, all of whom are named in the bill. He alleges that on or about the 6th day of August, 1928, he entered into a contract for sale of the premises to one James S. Sullivan. The bill sets out the contract of sale. It is further averred that on the 30th of April, 1928, appellant, Amos Wilson, as administrator of the estate of Louisa Wilson, deceased, recovered a judgment against the Fullers in the sum of $9366.60; that that judgment has not been paid. Wilson is listed in the bill as one of the unsecured creditors. The bill shows that Sullivan is objecting to the title of the premises on the ground that Wilson is claiming a lien by reason of his judgment against the premises held by ap-

pellee as trustee; that by reason of this objection to the title appellee requested Wilson to release such claim, but that he refused to do so. The bill alleges that Wilson's judgment is not and never has been a lien upon the premises or the proceeds arising from the sale thereof but that Wilson is entitled only to a *pro rata* share in the distribution to be made among the unsecured creditors of the Fullers. The bill prays that the court decree that the conveyance made to appellee was a just and equitable one, made solely for the benefit of the unsecured creditors of the Fullers, and that the judgment of appellant as administrator is not a lien upon the real estate or any part thereof or the proceeds thereof, and that he has no other claim than that of an unsecured creditor to share ratably and equitably with the other creditors of the Fullers. The bill further prays that the court find and decree that the contract for sale of the premises to James S. Sullivan is a fair, just and reasonable contract, and that appellee be directed to proceed to carry out the contract on his part. The appellant answered, claiming that his judgment is a lien on the premises, that the transfer by the Fullers to appellee was a fraud as against his claim, and denies that appellee has a right to sell the land and distribute the proceeds among all the creditors of the Fullers but that his lien should first be satisfied before distribution of the proceeds by the complainant. The answer avers a right to an accounting of rents received by appellee. The answer also pleads sections 4 and 9 of the Statute of Frauds, relating to fraudulent conveyance for the hindrance or defrauding of creditors, and charges that under those sections the declaration of trust herein claimed by appellee is void because not in writing. A cross-bill was also filed setting out in substance the averments of the answer and asking that a receiver be appointed, to whom appellee be directed to convey the property, and that appellant's (cross-complainant's) judgment against the Fullers be held to be a lien on all

the lands described in the deed. This cross-bill was stricken as seeking no relief not recoverable under the answer.

Prior to a consideration of the merits a question of jurisdiction arises. This cause was appealed to this court presumably upon the ground that a freehold is involved. A freehold is involved when by the judgment or decree of the trial court one of the parties thereto loses and another gains a freehold. In this case, while by his answer and cross-bill appellant alleges that the deed to appellee for the benefit of all unsecured creditors was void, yet the relief sought by the answer and cross-bill is, in substance, to have appellant's judgment decreed a lien on the premises involved, subject only to the mortgage. In no event, under the issues here made up, would the freehold be affected. There is therefore no freehold involved in this case. No other grounds are alleged on which this court might take jurisdiction, and the court is without jurisdiction to review the cause.

The cause is therefore transferred to the Appellate Court for the Third District of Illinois.

*Cause transferred.*