(No. 28832.—

LOREN E. WOOD *et al.*, Appellees, *vs.* VELMA DILLON *et al.*, Appellants.

*Opinion filed September 19, 1945.*

HICKMAN & HICKMAN, of Benton, and W. A. MILLER and A. S. PFAFF, both of Salem, for appellees.

D. L. DUTY, of Marion, for appellants.

Mr. JUSTICE FULTON delivered the opinion of the court:

During the months of May and June, 1941, defendants-appellants, Velma Dillon, Harrol Mosley, Lillian Hall, Ruby Batts, Stanley Mosley and Geoffrey Mosley, together with their respective husbands and wives, conveyed to plaintiffs-appellees by their respective deeds, all containing the usual covenants of warranty, certain undivided portions of the oil and gas rights underlying land in Franklin county, Illinois, together with portions of any royalty payable on account of the production of said minerals.

This is a suit on the part of the grantees against the various grantors for breach of the warranties contained in the deeds. Damages in the amount of $1000 for each undivided one-ninth interest against each defendant was claimed. This amount represents the actual consideration paid for each deed although the recited consideration was "Ten Dollars and other considerations."

While not clearly apparent from the record before us, it seems that the common ancestor of the grantors herein had several years previously conveyed to the Chicago, Wilmington & Franklin Coal Company the coal and "other minerals" underlying the lands here involved. The United States District Court for the Eastern District of Illinois, in two holdings by different judges, had made diametrically opposed decisions construing the legal effect of the words "coal and other minerals" in a deed. One holding was that such language did not convey the underlying oil and gas rights; the other that it did. This conflict was resolved by the United States Circuit Court of Appeals affirming the holding that such language did convey title to the underlying oil and gas rights.

On August 28, 1943, the United States District Court for the Eastern District of Illinois entered a judgment holding that the deeds to the plaintiffs herein conveyed no title to the oil and gas underlying this land and cancelled the deeds upon which this suit is brought, as against the

Chicago, Wilmington & Franklin Coal Company. Because of the failure of the title, plaintiffs filed this suit. The jury returned a verdict of $1000 for each undivided one-ninth interest against each defendant and judgment was entered thereon.

The complaint was in the usual form setting out the execution of the various deeds and the deeds themselves. By their answers, defendants admitted the execution of the deeds in question but denied that the deeds contained any covenant of warranty. In addition thereto, the defendants filed affirmative defenses claiming that the warranty clause in each of the deeds was waived. The defendants also plead specially that the plaintiffs, with knowledge that the title to oil and gas was questionable, waived the warranty clause in each of the deeds.

Thereafter the case was set down for a pretrial conference and hearing, pursuant to section 58½ of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, pars. 182a, 259.23A,) in which the following stipulation was entered into: "The Court: Now, on this 24th day of May, 1944, comes the respective plaintiffs by their attorneys, and comes the respective defendants by their attorney, and stipulate that the following is the sole issue in this case, as raised by the pleadings: Whether or not the plaintiffs in accepting delivery of the instruments in question through their agents knew that the title of the mineral rights sought to be conveyed thereby was then in dispute and in litigation and with such knowledge waived the warranty contained in the instruments. It is further stipulated that the foregoing stipulation may be supplemented, added to, amended, or objected to on or before the date of the trial in this cause." Subsequently, the plaintiffs filed their replications to the affirmative matter raised by the answers of the defendants.

Counsel for appellants, in concluding their statement, say: "A freehold being involved, this cause is brought directly to this court on appeal."

The statement does not appear to be challenged by appellees, but jurisdiction cannot be conferred by consent and we do not find any assignment of error that gives this court jurisdiction to entertain the appeal. The suit was for money damages arising out of a breach of covenant in a deed. No question of title is placed in issue in any manner by the pleadings. Indeed the sole issue in the case as set forth in the above stipulation does not purport to involve any question of freehold.

We have frequently held that a freehold is involved either where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. *Swinson* v. *Sodaman,* 369 Ill. 442; *Lennartz* v. *Boddie,* 304 Ill. 484.

No such decision is required by the pleadings or the stipulation in this case. The appellants' argument is devoted to showing that because of the stipulation they should have been permitted to introduce parol evidence which they contend would have constituted a waiver of the warranty contained in the deeds.

To permit or require a direct appeal to this court the freehold must be directly and not collaterally, contingently or incidentally involved. *Callner* v. *Greenberg,* 372 Ill. 176.

There being no assignment of error giving this court jurisdiction of the appeal, the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*