(No. 30276.—

CHARLES G. DITIS, Appellant, *vs.* AHLVIN CONSTRUCTION Co., INC., *et al.*, Appellees.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

WILLIAM S. KLEINMAN, and WERNER W. SCHROEDER, both of Chicago, for appellant.

MAYER GOLDBERG, LEONARD L. LEVIN, and FRISCH & Fox, all of Chicago, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

This is an appeal from the circuit court of Cook County refusing to decree appellant to be the owner of an equitable title in real estate and denying certain other relief requested.

A motion was filed herein to dismiss the appeal upon the ground that there was no final decree entered in the lower court. A motion to transfer the cause to the Appellate Court was also filed on the ground that this court had no jurisdiction of the appeal. Both motions were taken with the case. Our attention will first be directed to the question of our jurisdiction.

Appellant entered into an employment contract with Ahlvin Construction Co., Inc., one of the appellees, on October 20, 1942. The portion of the contract having to do with compensation, which is the pertinent part for consideration in determining our jurisdiction, provides in paragraph numbered 3, "Instead of being paid a fixed salary by the employer, the employee shall receive as and for his services payable by the employer, thirty-seven and one-half per cent (37½%) of the net profits derived from the sale of said premises; or in the event said premises are not sold, then thirty-seven and one-half per cent (37½%) of any and all equities that remain in any of the unsold dwelling houses. The compensation to be paid to the said employee shall be paid upon the termination and sale of each individual dwelling house." The general plan of the work to be done under the contract was the construction and sale of dwelling houses.

Prior to entering into the contract, title to the premises upon which the construction work was to take place had, on July 31, 1942, been conveyed to The Trust Company of Chicago as trustee, for the benefit of said construction company and its assigns. The trust agreement contained the following provision:

"It is understood and agreed between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her rights and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have, any right, title or interest in or to any portion of said real estate as such, either legal or

equitable, but only an interest in the earnings, avails and proceeds as aforesaid."

On November 10, 1942, a division of beneficial interests in the trust property was effected and appellant received a certificate showing that he owned 37.5 per cent thereof. The certificates were made subject to all the terms and conditions of the trust and in the written acceptance thereof it was stated that the interest was subject to all the provisions of said trust agreement. Appellant executed such an acceptance.

Appellant contends that under the provision of the contract he has an equitable title in the unsold real estate. If that be true, a freehold is involved; otherwise not. Merely claiming a freehold interest in the property cannot give this court jurisdiction on that ground. Unless a freehold is actually involved, the mere fact that there is a request for a decree finding a freehold interest to exist as incident to obtaining other relief in which a freehold is not necessarily involved is not in itself sufficient to warrant a direct appeal to this court. *Callner* v. *Greenberg,* 372 Ill. 176; *LaSha* v. *Benham,* 354 Ill. 501; *Watson* v. *Willerton,* 337 Ill. 359.

The complaint prayed for a decree finding that by virtue of the contract appellant is the owner to the extent of 37½ per cent of the title to the real estate involved. It also prayed for an accounting, appointment of a receiver to take charge of the properties, an injunction restraining the transfer of the same, that the present titleholder be decreed to hold title in constructive trust for appellant's use and benefit and that the titleholder be ordered to convey title to appellant or to a commissioner to be appointed by the court for his benefit until his interests and rights therein have been fully liquidated, satisfied and paid; also that the individual defendants be held liable to repay to appellant any and all property, property rights and interest of which they deprived him; that he recover damages,

whether actual, punitive, exemplary or otherwise.

A freehold is involved in all cases where the necessary result of a judgment or decree is that one party gains and the other loses a freehold estate, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of that issue, and the freehold must be directly and not collaterally, contingently or incidentally involved. *Wood* v. *Dillon,* 391 Ill. 186; *Elmore Real Estate Improvement Co.* v. *Olson,* 392 Ill. 46.

Appellant's contract was with Ahlvin Construction Co., Inc. Title to the property vested in The Trust Company of Chicago and was subject to the terms of the trust agreement. The trust agreement, it will be noticed, provided that no beneficiary at any time should have any right, title or interest in or to any portion of the real estate covered by the trust, either legal or equitable, but only an interest in the earnings, avails and proceeds thereof and that the rights of such interested party should be deemed to be personal property which may be assigned and transferred as such, and that, in case of the death of any beneficiary during the existence of the trust, his or her rights and interests thereunder shall, except as therein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs-at-law. See *Duncanson* v. *Lill,* 322 Ill. 528.

The contract provided for appellant's compensation and fixed it at a given per cent of the net profits derived from the sale of said premises and further provided for his compensation in the event some of the property was not sold. If not sold, he was to receive 37½ per cent "of any and all equities that remain in any of the unsold dwelling houses." It seems to us the intention of the parties was that in case some of the premises were not sold, the appellant was then to receive a sum equal to 37½ per cent of any and all equities in the unsold dwelling houses, but was

not to receive an actual interest in the real estate. The trust agreement of which appellant owned a 37½ per cent beneficial interest precluded him from taking an interest in the real estate as such.

We conclude that there is no freehold involved in this case and there being no other grounds giving the court jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the First District.

We express no opinion on the motion to dismiss the appeal nor as to the merits of the case.

*Cause transferred.*