Charles G. Ditis, Appellant, v. Ahlvin Construction
Company, Inc. et al., Appellees.

Gen. No. 44,529.

Opinion filed January 19, 1950. Rehearing denied February 8, 1950.
Released for publication February 21, 1950.

WILLIAM S. KLEINMAN and WERNER W. SCHROEDER, both of Chicago, for appellant.

FRISCH & FOX, MAYER GOLDBERG, and LEONARD L. LEVIN, all of Chicago, for appellees.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a complaint asking for an accounting and that he be decreed to have an interest in certain real estate under the terms of a written contract between the plaintiff and defendant Ahlvin Construction Company. After issues were joined the cause was heard by the chancellor who found that the contract between the plaintiff and the Construction Company was in force, granted an accounting; but denied the other relief sought by plaintiff. Plaintiff appealed directly to the Supreme Court and the Construction Company filed a cross appeal. The Supreme Court transferred the cause to this court. (*Ditis v. Ahlvin Const. Co.*, 400 Ill. 77.)

In 1942, the Construction Company contemplated the erection of three hundred individual dwellings in Cook county, Illinois, subject to the consent and approval of the Federal Housing Administration. Title to the lots upon which the dwelling houses were to be constructed had been conveyed to the Trust Company of Chicago, as trustee, for the benefit of Ahlvin Construction Company. The trust agreement provided that no beneficiary at any time should have any right, title or interest in or to any portion of the real estate covered by the trust, either legal or equitable, but only an interest in the earnings, avails and proceeds thereof, and that the rights of such interested parties should be deemed to be personal property.

379

Afterwards, October 20, 1942, plaintiff entered into an employment contract with defendant Ahlvin Construction Company, which provided that "instead of being paid a fixed salary by the employer, the employee shall receive as and for his services payable by the employer, 37.5 per cent of the net profits derived from the sale of said premises; or in the event said premises are not sold, then 37.5 per cent of any and all equities that remain in any of the unsold dwelling houses. The compensation to be paid to said employee shall be paid upon the termination and sale of each individual dwelling house."

Under the terms of the contract the employee (plaintiff) was required to perform such duties "as may be assigned to him by the employer" in the erection by the Construction Company of three hundred individual dwellings.

November 10, 1942, a division was made of the trust property and plaintiff received a beneficial interest certificate showing that he owned 37.5 per cent, subject to all the terms and conditions of the trust.

Ninety-seven dwellings were completed by the Construction Company and of these sixteen were sold to individual purchasers. The remaining houses, except one which is occupied by plaintiff, were conveyed to defendants Hubschman and Crosell.

In his complaint, plaintiff charges defendants Martin V. Ahlvin, Vernon E. Crosell, and Jorgen Hubschman with conspiracy and fraud in directing the trustee to make assignments of the unsold buildings and the beneficial interests therein of the Construction Company to them for the purpose of depriving plaintiff of his compensation and profit under his contract with the Construction Company, and that the Construction Company has failed to account to plaintiff for the proceeds realized from the sale of the sixteen completed houses, and has refused and failed to account

to him for the rents, income, and profits realized from the unsold houses.

In their answers defendants aver in substance that the materials to be used in the additional construction of two hundred three houses were canceled by the War Production Board of the United States; that they delivered to plaintiff a complete statement reflecting in detail the cost of construction of the completed dwellings, showing a unit construction cost of $6,261.96; that as of January 20, 1945, the Construction Company was indebted to Hubschman in the sum of $24,078.24 and to defendant Crosell in the sum of $13,643.02, which represented funds advanced by them on behalf of the Construction Company in order to complete the buildings here in question; that the Construction Company executed promissory notes payable to Hubschman and Crosell for the respective amounts due them; that on January 20, 1945, a resolution was adopted by the board of directors of the Construction Company whereby it agreed to sell Hubschman and Crosell all of its right title and interest to the dwelling houses for the sum of $45,000; that Hubschman and Crosell were to apply the amounts due them on the notes they held from the Construction Company and pay the balance in cash; that in accordance with the foregoing resolution all dwelling houses remaining unsold except one were conveyed to Hubschman and Crosell more than sixty days before the instant suit was filed; that there is due from them to the Construction Company the balance of $5,698.24, and that all of the parties, including plaintiff, agreed to the cancellation of the assignment by the Construction Company to them of their respective beneficial interests, but that plaintiff wrongfully retained possession of his written assignment of beneficial interest.

The chancellor entered a decree finding that "(a) the written contract between plaintiff and defendant

Ahlvin Construction Company, Inc. appended to plaintiff's complaint was not released by subsequent oral agreement, as alleged in the second amended joint and several answer of defendant Ahlvin Construction Company, Inc., Vernon E. Crosell and Jorgen E. Hubschman; (b) the real estate and homes involved in this proceeding were duly and properly sold by defendant Ahlvin Construction Company, Inc., sixteen to various persons, eighty to defendants Jorgen Hubschman and Vernon E. Crosell as alleged in the second amended answer of said defendants, and one home is still held by the Trust Company of Chicago; and said sales, including the sale to the defendants Jorgen E. Hubschman and Vernon E. Crosell, were not in violation of any rights of plaintiff; that there was no fiduciary relationship between plaintiff and any of the defendants and said sales were bona fide, valid, and binding in all respects; (c) plaintiff is not entitled to recover damages from any of defendants as prayed in plaintiff's complaint.'' The decree ordered an accounting ''as to profits, if any, realized by said Ahlvin Construction Company, Inc. from sales of any real estate involved in this cause. Plaintiff is entitled to 37.5 per cent of the profits, if any, realized from said sales by Ahlvin Construction Company, Inc., in accordance with the written contract between plaintiff and Ahlvin Construction Company''; that the accounting shall be based upon either the actual selling prices of the houses or the cost of the houses at the times of their respective sales, at plaintiff's option, and shall also include net rental income realized by the Construction Company from all the dwellings here in controversy, subject to plaintiff's indebtedness to the Construction Company arising out of the purchase by plaintiff of the premises known as 1356 Heidorn avenue, Westchester, Illinois.

■ Plaintiff contends that the Construction Company, its officers and plaintiff were engaged in a joint

adventure. He says that although the agreement between the Construction Company and the plaintiff were couched in language indicating that it was an employment contract it was in fact and law a joint adventure agreement. The complaint charged fraud and conspiracy and the cause was tried on that theory. Since plaintiff did not make the contention that the relationship between the parties was that of joint adventurers in the trial court but raises it for the first time in this court, we cannot consider it. (*Wise v. Potomac Nat. Bank,* 393 Ill. 357.)

Plaintiff insists that if the parties were not joint adventurers and plaintiff was a mere creditor the relationship is still of a fiduciary character. Plaintiff asserts that a private sale of eighty houses to Hubschman and Crosell without notice to plaintiff during the known existence of a demand market and shortly before the ceiling price of such houses was removed, stamps the transaction as fraudulent and void.

Pursuant to Regulations promulgated by the Federal Housing Administration, the sale price of all these houses was not to exceed $6,000 for cash and $6,250 on the deferred payment plan.

It is conceded that the houses in question were sold on January 20, 1945, and that the price ceiling was not removed until December 1945. There is no evidence tending to prove that defendants knew or could have known in January 1945, that the restrictions on the price of these houses by the Federal Housing Administration would be removed about eleven months later. Nor were the directors of the Construction Company obliged to defer the sale of the houses because of plaintiff's interest or that of any other creditor. At the time the houses were sold to Hubschman and Crosell a sale of any of them for cash in excess of $6,000 would have rendered them liable to prosecution

■ From a careful reading of the record we think the finding in the decree that there was no fiduciary relationship between the plaintiff and any of the defendants, and that the sales of the houses were valid, is amply supported by the evidence.

■■ The rule has been repeatedly announced that to invalidate a transaction on the ground that a fiduciary relationship existed the proof must be clear, convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Crowley v. Engelke,* 394 Ill. 264; *Moneta v. Hoinacki,* 394 Ill. 47.) Application of the tests announced in the cases last cited does not sustain plaintiff's contention. Moreover, the fact that price restrictions were lifted months after the sale to Hubschman and Crosell was consummated and that the houses have increased in value does not raise any presumption of fraud on the part of defendants. Validity of the transaction must be determined according to the conditions that prevailed when the buildings were sold.

It is uncontroverted that while the houses were being built the Construction Company was in a desperate plight; workmen were demanding increased wages; essential building material was difficult to obtain and the subcontractors and materialmen were threatening the Construction Company with suits. Plaintiff had promised but failed to furnish any funds to meet the Construction Company's mounting obligations as the work progressed. There is no doubt that plaintiff knew of the precarious condition of the Construction Company. He importuned the Construction Company and its officers for money and was told of its financial difficulties. He was given the use and occupancy of one of the houses and later accepted employment as a watchman for the Construction Company at twenty-five dollars a week and the additional sum of ten

dollars weekly for use and maintenance of his automobile.

██ As to the cross appeal of the Construction Company, which maintains that the finding of the chancellor that there was no oral release of the contract is contrary to the manifest weight of the evidence, defendants Hubschman and Crosell testified that all the parties agreed to cancel the agreement. Their testimony was corroborated by one of the office employees. Plaintiff's testimony was diametrically opposed to that of the defendants. We think the evidence warranted a finding that the plaintiff did not agree to cancel the agreement. Since there is a sharp conflict in the testimony the chancellor who heard and saw the witnesses was in a better position to determine the weight of the testimony and the credibility of the witnesses than this court. The record is voluminous and recital of the testimony in greater detail would unduly lengthen this opinion.

For the reasons given, the decree is affirmed.

*Decree affirmed.*

BURKE and KILEY, JJ., concur.