(No. 31765.—

RUSSELL C. NELSON *et al.*, Appellants, *vs.* McCABE DEVELOPMENT COMPANY, Appellee.

*Opinion filed January 18, 1951.*

NATHAN SHEFNER, of Chicago, (GEORGE F. SCHECK, of counsel,) for appellant.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On June 4, 1948, plaintiffs, Russell C. Nelson and Helen E. Nelson, filed their complaint for specific performance in the circuit court of Cook County against McCabe Development Company, praying that defendant be directed to construct a six-room residence upon a lot owned by it, and to convey the premises, together with the improvements to be erected thereon, to plaintiffs upon payment of the purchase price in the manner stated in a written agreement between the parties. The cause was referred to a master, who found the issues in favor of defendant. The court entered a decree approving the master's report and dismissing the complaint for want of equity. Plaintiffs have appealed directly to this court upon the theory, presumably, that a freehold is involved. Defendant has neither filed a brief nor made an appearance in this court.

The contract was executed May 12, 1945. It provides that defendant shall construct a specified residence, in accordance with certain plans and specifications, upon the lot therein described; that it shall deliver the residence to plaintiffs completely finished and ready for occupancy on September 1, 1945; that plaintiffs shall pay the sum of $12,500 in the following manner: $500 in cash, receipt of which is thereby acknowledged, and the balance of $12,000 in monthly installments of $75 during the first twelve-month period beginning with September 1, 1945, $80 per month for the next twelve-month period, and so on, the monthly payments to be "increased $5.00 per month for every year, commencing on the first day of September of each year thereafter until the contract balance is equal to the balance of the then existing first mortgage." The complaint alleges payment of the initial $500 in cash. None of the monthly payments were made, though the complaint alleges that at all times plaintiffs have been ready, able and willing to perform and carry out their part of the contract.

It is clear that this court has no jurisdiction of the appeal. Although the question has not been raised, it is our duty to decline to proceed in a cause where jurisdiction to determine the merits of the controversy is lacking. To support jurisdiction of a direct appeal on the ground that a freehold is involved, the necessary result of the decree must be that one party gains and the other loses a freehold estate, or the title to a freehold must be so put in issue that the determination of the cause necessarily requires a decision with respect to the ownership of the real estate in controversy. Where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. (*Kurzawski* v. *Malaga,* 402 Ill. 207, 212.) The prayer of the complaint in the case at bar is for a conveyance after plaintiffs have completed the payments called for by the contract. Complete payment of the purchase price in the monthly installments specified would require a period of many years, and may never be performed by the plaintiffs. If the decree prayed for were entered the monthly payments might or might not be thereafter made by the plaintiffs, and thus they may never become entitled to a deed.

In *Sobczenski* v. *Sobieski Building Ass'n,* 327 Ill. 47, a bill was brought for specific performance of an alleged agreement to make a contract for a deed. Under its terms the balance of the purchase price, in the amount of $3500, was to be paid at the rate of $25 per month. In holding that this court had no jurisdiction of the cause we observed : "In this case the contract does not call for a deed until there is complete payment of the purchase price at the rate of $25 per month, which, as we have seen, would require a period of ten years for completion. If the decree prayed for be entered, the appellants might or might not avail themselves of the right granted them by the decree and thus would never become entitled to a deed." For similar reasons a decree in the case at bar does not necessarily

result in one party gaining and the other losing a freehold estate, nor is title so put in issue that a determination of the cause necessarily requires a decision as to the ownership of the real estate.

We conclude, therefore, that this court has no jurisdiction of the cause, and it must accordingly be transferred to the Appellate Court for the First District.

*Cause transferred.*