(No. 31809.—

EDWARD V. TRAINOR, Appellant, *vs.* THE TRUST COMPANY OF CHICAGO, Trustee, *et al.,* Appellees.

*Opinion filed January 18, 1951.*

SHULMAN, SHULMAN & ABRAMS, of Chicago, (MEYER ABRAMS, of counsel,) for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, (VERNON M. WELSH, of counsel,) for appellee The Trust Company of Chicago; HENRY I. GREEN, of Urbana, and HARRY I. BIOSSAT and BENJAMIN WHAM, both of Chicago, for appellees Herbert Hillebrecht *et al.*

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff-appellant, Edward V. Trainor, hereinafter referred to as plaintiff, filed suit June 28, 1950, in the circuit court of Cook County against The Trust Company of Chicago as liquidation trustee under trust No. 995, known as 7000 South Shore Drive Liquidation Trust, and Herbert, Willa and Henry W. Hillebrecht, for construction of a trust agreement, and for a finding that plaintiff and other holders of trust units will become equitable owners of the trust property on July 1, 1950, and are entitled to partition thereof.

The prayer of the complaint was that the court may construe the terms and provisions of the trust agreement and find that plaintiff and the other holders of trust units will become equitable owners of the trust property on July 1, 1950, entitled to partition thereof or sale if the premises are not susceptible of partition. There was an alternative prayer that the court find the intent and purpose of the trust agreement was to liquidate the property and distribute the proceeds among the beneficiaries and that the failure of the trust managers to carry out the terms of the agreement prior to its termination should not prevent the liquidating trustee from carrying out the main object and purpose upon the termination of the trust and that the trustee be directed to immediately advertise the premises for sale and to sell them at not less than an upset price

to be fixed by the court and that the sale be held under control and supervision of the court.

The prayer further asked that the sale be made without any right of beneficiaries to object thereto as provided in the trust agreement, except that they may object at the hearing before the court. The prayer also asked a restraining order preventing the trustee from taking any steps under the trust agreement to form a corporation and from conveying the property to such corporation until the further order of the court, and that the trustee be ordered and directed to file the registered list of all trust units, together with their names and addresses, in this proceeding so that due notice could be given to them of the pendency of the case as the court may direct.

The prayer then asked that, in the event the court granted the alternative relief which would require active duties on the part of the liquidating trustee, a successor trustee be appointed by the court for the purpose of carrying out the active duties of the sale and distribution of the property pursuant to the directions of the court.

Answers and counterclaim were filed alleging that the said trust agreement should be construed to the effect that in the event of no sale of the trust property prior to July 1, 1950, a corporation should be formed to which the property should be conveyed; that only a temporary meeting should be held to elect directors of the corporation and that within a reasonable time thereafter a regular stockholders meeting should be held to elect directors of said corporation. The counterclaim adopts the allegations of the complaint with reference to the incorporation of the trust agreement therein, the number of trust units outstanding, the parties thereto, the holdings of trust units of the defendants, and makes all of the parties to the complaint parties to the counterclaim.

Plaintiff answered the counterclaim denying that the defendants were entitled to any relief thereunder, for rea-

son that the relief thereby sought could be granted under the prayer for relief of the complaint. By agreement of the parties the cause was heard by the court upon the pleadings. July 6, 1950, the court decreed that the equities were with the counterclaimants and dismissed plaintiff's cause of action for want of equity and denied his motion for a restraining order. The decree ordered that the liquidation trustee organize and form an Illinois corporation under the provisions of said trust agreement, and that certificate of incorporation provide for the election of five directors, the corporation to have duration of seven years; that the directors issue stock to unit holders, etc., and that the certificate of incorporation be submitted to the court for approval, the court to retain jurisdiction to supervise the organization of said corporation, distribution of the stock, and attorneys fees to be allowed.

Appeal from the court's decree was taken to the Appellate Court for the First District and was by it transferred here on the grounds that a freehold was involved.

Our attention must first be directed to the question of our jurisdiction of the appeal. Defendants take the position that a freehold is involved and that we have jurisdiction, whereas plaintiff takes the opposite view. All parties agree that on June 28, 1950, when this suit was filed, the trust had not then terminated nor had the plaintiff or any other unit holders under the trust acquired any interest, equitable or otherwise, in the premises, which would entitle them to the right of partition. Whether the unit holders would ever acquire such right or interest remained for future determination and such determination required a construction of the trust agreement. The complaint was not amended after July 1, 1950, to show a right of partition in the plaintiff and other unit holders, and there is nothing in the record from which the circuit court could determine that plaintiff had any right to partition. For aught shown by the record plaintiff could have transferred

his units of interest between the filing of the suit and the alleged date of termination of the trust three days later. His rights would be determined as of the date of his suit. The lower court assigned no specific reason for dismissing his complaint for want of equity. An allegation that plaintiff would become entitled to a right in the premises at some future date was not an allegation that he had an interest therein.

The primary purpose of this suit was to have the trust agreement construed, and plaintiff took two positions by his complaint. Primarily, he sought a construction to the effect that after July 1, 1950, the trust remaining unexecuted, it would terminate, and in that event the unit holders would be vested with their proportionate interest in the premises and would have a right to partition. His other position was that the main object of the trust agreement was to have the property liquidated through sale and distribution of the proceeds to the unit holders, and that the trustee would still be required to perform active duties after July 1, 1950, and that the court should appoint a new trustee for that purpose. Plaintiff also sought to have the agreement construed to the effect that a sale could not be made to a corporation to be formed for that purpose, and that the unit holders could not be required to accept shares of such corporation in lieu of their certificates of interest in the premises.

The only question which could afford us jurisdiction of the appeal would be that a freehold is involved. It is conceded that there was no freehold interest in the plaintiff or other unit holders when the suit was filed. The right of partition was not then claimed by the plaintiff. What he was seeking was a construction of the trust agreement. Should the court construe that instrument in accordance with one of the plaintiff's contentions to the effect that the trust would terminate July 1, 1950, and a fee interest in the premises pass to the unit holders, then and in that case

he wanted the premises partitioned or sold. Should the trust agreement be construed to the effect that the trustee still had active duties to perform, then the plaintiff asks for other relief, *viz.*, the sale of the premises by the trustee and distribution of the proceeds.

A freehold is never involved, within the contemplation of section 75 of the Civil Practice Act, except where the primary object of the action is a recovery of the freehold estate, the title to which is directly put in issue, and the word "freehold" as employed in that act does not include the mere right to do that which in equity would entitle a party to a freehold, nor does the fact that a party seeks to put the title to land in issue require the Supreme Court to take jurisdiction, if a decree, upon proper pleadings, may be entered without affecting the freehold. *Cohen* v. *Oguss,* 384 Ill. 353; *Neill* v. *Kimball,* 387 Ill. 58.

Merely claiming a freehold interest in property cannot give the Supreme Court jurisdiction on direct appeal, and, unless a freehold is actually involved, the mere fact that a decree is sought finding a freehold interest to exist incident to obtaining other relief in which a freehold is not necessarily involved is not sufficient to warrant a direct appeal to this court. (*Ditis* v. *Ahlvin Construction Co.* 400 Ill. 77; *Callner* v. *Greenberg,* 372 Ill. 176.) A freehold, to warrant a direct appeal to this court, must be directly and not collaterally, contingently or incidentally involved. (*Wood* v. *Dillon,* 391 Ill. 186; *Elmore Real Estate Improvement Co.* v. *Olson,* 392 Ill. 46.) Whether, in a given instance, a freehold is involved for the purpose of direct appeal may depend upon the pleadings and the assignments of error. *Thomas* v. *Durchslag,* 404 Ill. 581; *Gits* v. *Ullrich,* 288 Ill. 527.

Under the pleadings as they stood July 6, 1950, when the court entered its decree, there was not any right of partition shown in the plaintiff, nor was there any right to partition claimed by him. His averment was merely to

the effect that he would thereafter become interested as an owner of the trust property. The defendants have cited no case in point and we assume there is none. In our opinion a freehold is not directly involved in this proceeding and the cause must be transferred to the Appellate Court for the First District.

*Cause transferred.*