(No. 32001.—

IN RE ESTATE OF EDWARD J. KAINDL.—(THE COUNTY OF COOK, Appellant, *vs.* JOHN C. RICHERT, Exr., Appellee.

*Opinion filed March 20, 1952.*

JOHN S. BOYLE, State's Attorney, of Chicago, (GORDON B. NASH, MELVIN F. WINGERSKY, MEYER H. GOLDSTEIN, and MERRILL B. MEYER, of counsel,) for appellant.

SCHUYLER, RICHERT & STOUGH, of Chicago, (JAY STOUGH, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This cause pertains to a claim made by Cook County and filed in the probate court of the County of Cook against the estate of Edward J. Kaindl, deceased. The probate court allowed the claim for the sum of $18,738.45, whereupon a statutory appeal was prosecuted to the superior court of Cook County and there it was disallowed.

The case was heard by the court, without a jury, and upon a written stipulation of facts which showed the following: That Edward J. Kaindl served as recorder of deeds of Cook County from December, 1935, to September 8, 1948; that as county recorder of Cook County, or by a similar official designation, he had been designated as successor trustee, *eo nomine,* and that he had collected various fees for acting as successor trustee under trust deeds in the nature of a mortgage; that the fees involved herein arose in connection with executing releases of trust deeds in which the county recorder of Cook County was designated successor trustee; that the designation of Edward J. Kaindl as successor trustee was not in any case by name "Edward J. Kaindl" but was in every instance a designation of "County Recorder of Deeds of Cook County, Illinois," "Acting Recorder of Deeds of Cook County," "County Recorder of Cook County," or some similar designation, all of which were made without the solicitation or knowledge of Edward J. Kaindl; that all of the fees col-

lected from that source were deposited in an account standing in the name of "Edward J. Kaindl successor in trust fund" in the First National Bank of Chicago.

The stipulation further indicated that on September 8, 1948, at the time of the death of Edward J. Kaindl, the bank account containing the funds in controversy had reached the sum of $18,738.45, including $1025.77 transferred from the account of his predecessor in office and the entire proceeds from the fees collected for services rendered as such successor trustee minus a total of $2287.57, paid for premiums on insurance and bonds, which appear to have been purchased in connection with his official capacity. Kaindl had made no withdrawals therefrom for his personal use. The physical processes of preparing and executing the releases, issuing receipts from the official receipt books for the fees collected and maintaining records thereof, as well as the commingling of the money derived therefrom with other money from fees collected in the office, and from time to time making deposits of such fees so collected in the "Edward J. Kaindl successor in trust fund" account, were all performed during county business office hours by county employees using books, records and papers belonging to Cook County. Did the fees thus derived belong to Kaindl personally or did they belong to the county of Cook? That is the sole issue presented in this controversy.

Section 9 of article X of the constitution provides, in substance, that the recorder of deeds of Cook County shall receive as his only compensation for services a salary to be fixed by law to be paid only out of the fees of the office actually collected, and that all fees, perquisites and emoluments (above the amount of said salaries) shall be paid into the county treasury.

Section 31 of the Fees and Salaries Act (Ill. Rev. Stat. 1949, chap. 53, par. 49,) provides, in substance, that the recorder of deeds of Cook County shall be paid by the

said Cook County, as the only compensation for services rendered in the capacity of recorder or in any other capacity, the sum of $9000 per annum.

It is the contention of the appellant that the law has fixed and limited the compensation of the county recorder of Cook County and places upon him a duty to pay all fees collected in his office in excess of $9000 into the county treasury, irrespective of the capacity in which he acted to earn the fees so collected. It is the contention of appellee that Kaindl received the moneys in question for rendering private services as separate and distinct from those that he performed for the public as county recorder; that the services in question were beyond the scope of the duties of his office and that statutory and constitutional limitations on his compensation are inapplicable.

It is apparent from the foregoing that there are no issues involved or questions considered that would justify a direct appeal to this court. It is the duty of this court to decline to proceed with a case where jurisdiction to determine the merits of the controversy is lacking. *Nelson v. McCabe Development Co.* 408 Ill. 263; *Kurzawski v. Malaga,* 402 Ill. 207.

Paragraph (1) of section 75 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 199,) provides: "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a statute or the validity of a county zoning ordinance or resolution or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested as a party or otherwise."

For this court to have jurisdiction on direct appeal on the ground that a constitutional issue is fairly involved, the record must disclose that the trial court ruled upon

such construction and that the ruling was preserved for record. (*City of Monmouth* v. *Lawson*, 408 Ill. 284.) This issue was not presented in the lower court.

The only possible grounds for taking jurisdiction on direct appeal in this case is that the State is an interested party, or that "revenue" is involved. To be deemed "interested" as a party the State must have a direct and substantial interest of a monetary character. (*Retail Liquor Dealers Protective Ass'n* v. *Fleck*, 406 Ill. 24.) Although the county is a political subdivision of the State, the county is not acting as a fiscal agent for the State in the collection of these alleged fees, as the county was in *People ex rel. Abbe* v. *Nash*, 364 Ill. 224. The State herein has no interest in the outcome of this case, or in the proceeds involved. For jurisdiction to be predicated on the fact that revenue is involved, it must appear that revenue is directly and not incidentally involved. (*People ex rel. Board of School Inspectors* v. *City Council of Peoria*, 229 Ill. 225, 226.) The test of whether revenue is involved was stated in that case: "The question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded."

The holding in *County of Lake* v. *Westerfield*, 268 Ill. 501, demonstrates the soundness of our conclusion that this appeal should have been prosecuted to the Appellate Court of the First District. In that case the county sought to recover from Westerfield, who was county treasurer, a sum of money which he had collected as interest and failed to pay any part thereof into the county treasury. The disputed question was whether the money so received as interest was the property of the official or the county. The court in allowing a motion to transfer the cause to the Appellate Court of the First District, at page 503 said: "This court has no jurisdiction of the case on direct appeal

on the ground that the validity of the statute or the construction of the constitution is involved. Neither is there any question about the 'revenue,' which term, as used in the statute, relates only to the collection of demands by the State or some municipality of taxes or exactions of money for the public use. The revenue must be directly involved, and the fact that money about which there is a controversy has been collected as revenue does not authorize a direct appeal." In the same volume, at page 508, is *People for use of County of La Salle* v. *Witzeman,* which, in principle, is a replica of the cause before us. Therein, the county of La Salle brought suit against Witzeman, clerk of the circuit court of that county, to recover fees collected by him in naturalization cases. That case was appealed to the Appellate Court of the Second District, and a review was made possible through a certificate of importance. The question involving the jurisdiction of the Appellate Court apparently was not raised. However, this court did pass upon the precise issue involved herein.

This court has no jurisdiction to entertain this appeal and the cause is, accordingly, transferred to the Appellate Court for the First District.

*Cause transferred.*