(No. 32370.—

HOMER JOHNSON *et al.,* Appellants, *vs.* DOROTHY PEARL SARVER *et al.,* Appellees.

*Opinion filed January 22, 1953.*

WILSON, WILSON & RAINEY, of Princeton, and CLAR-
ENCE W. HEYL, of Peoria, for appellants.

JOHN G. BOYLE, JR., of De Kalb, and SEARS & STREIT,
of Chicago, (BARNABAS F. SEARS, and DAVID H. ARM-
STRONG, of counsel,) for appellee Elvira Johnson; POOL &
LANGER, of Ottawa, for appellees Clay Johnson *et al.*

Mr. JUSTICE MAXWELL delivered the opinion of the
court:

This is a direct appeal from a decree of the circuit
court of Bureau County construing the will of William H.
Johnson, deceased, confirming the appointment of trustees,
and giving instructions to trustees.

The testator died November 20, 1944, leaving a will
dated November 6, 1941, and a codicil thereto dated March
22, 1944. The testator had been married once, only, said
marriage being to Mary Jane Bowen, daughter of Thomas
Bowen. To this marriage nine children were born, eight
of whom survived the testator. One son, Harry Johnson,
predeceased the testator leaving no will and leaving a
widow and two children him surviving. Testator's wife
died intestate in 1937.

The will and codicil gave the residue of the estate, after payments of debts, to three of testator's children, Homer Johnson, Frank Johnson and Alice Johnson Foushee, in trust. The trustees were to operate the farms and other business and divide the income into ten shares annually, paying one share to each of testator's nine children, and dividing the tenth share equally between certain religious charities. The trust was to terminate upon the death of the last survivor of six named children and two named grandchildren, and the corpus distributed among the testator's heirs-at-law *per stirpes*.

The will and codicil contained numerous conditions and provisions for forfeiture designed to regulate the conduct of the various beneficiaries. The trustees, who were also executors of the will, filed their suit in equity for a construction of the will and seeking instructions for the administration of the trust property.

At the time of his death, William H. Johnson was the owner in fee of seven farms containing approximately 1286 acres, a residence in Princeton and a business building in the village of Wyanet. He also owned a one-third interest in a 240-acre farm described as the East ¾ of the North One-half (N½) of Section 21, Township 16 North, Range 8 East of the 4th Principal Meridian in Bureau County, Illinois, which is hereafter referred to as the Bowen farm.

The Bowen farm was devised by Thomas Bowen to his daughter, Mary Jane Johnson, and she owned it in fee simple at the time of her death. Upon the death of Mary Jane Johnson, her husband, the testator, became the owner of an undivided one-third and each of testator's nine children became the owners of an undivided two twenty-sevenths interest in the Bowen Farm. The nine children then conveyed their undivided interests to their father, the testator, for his lifetime, reserving the remainder to themselves.

We are first concerned with the question of whether a freehold is directly involved so that this court has jurisdiction on direct appeal.

The seventh paragraph of the will provided that any beneficiary who should contest the will should be absolutely barred from taking any share of the estate.

The ninth paragraph of the will provided that the Bowen farm, which was formerly owned by testator's wife, should go into and be distributed with and as a part of testator's estate, and be dealt with as though testator had held title in fee simple to the same at the time of his death.

The tenth paragraph of the will provided that any of the heirs of testator's wife who objected to the Bowen farm being so treated should forfeit from his or her share of testator's estate a sum equal to his or her interest in the real estate so owned by his or her mother at the time of her death, and that the amount so forfeited should be divided among the beneficiaries under testator's will in proportion to the shares he, she or they would take under the will.

By paragraph fifth of the codicil testator directed that should any beneficiary object to the probating of the will or in any way contest the same, then all bequests to such beneficiary should be annulled and such beneficiary cut off from any share in the estate except as to the Bowen farm, in, reference to which said paragraph contained the following provision: "it is my will and I hereby direct if they or either of them so elect, such person or persons my [*sic*] take the same share or interest in the said above-described real estate as such persons would otherwise taken under and by virtue of the last will and testament of Thomas Bowen, deceased, and that such person or persons be excluded from any and all participation in the remainder of my estate and completely barred from taking anything under this, my last will and testament, or inheriting any

part or portion of my said estate whatsoever." Paragraph fifth of the codicil contained no provision for disposition of any portion of the estate forfeited thereunder.

There are no allegations in the complaint as to the ownership of the Bowen farm except that part of paragraph 15G which reads as follows: "That at the time of the death of decedent, a part of his Estate consisted of seven farms, and one farm which had previously been owned by decedent's wife in her lifetime, and which is operated as a part of this trust." This paragraph of the complaint then alleges that the buildings and fences on all the farms have been repaired by the trustees, and requests approval of expenditures for that purpose. The prayer of the complaint simply requests "that these Plaintiffs may be instructed in regard to the matters set forth and contained in Paragraph 15 of this Complaint."

The defendant, Elvira Johnson, filed an answer admitting the allegations of paragraph 15G of the complaint, with the exception of that part thereof which alleges that certain repairs and improvements were made by the trustees, which is specifically denied. This defendant also filed a counterclaim alleging that uncertainty exists as to whether the testator intended to include in his will the real estate described in paragraph fifth of the codicil, inasmuch as the beneficiaries of the trust estate took no interest therein under the will of Thomas Bowen and that a further doubt and uncertainty exists as to whether the real estate described variously in paragraph ninth of the will and paragraph fifth of the codicil would pass under the terms of the will, and as to whether the terms and provisions of the will and codicil are not so conflicting, uncertain and ambiguous that the beneficiaries are not required to make an election. She further alleged that a doubt and uncertainty exists as to the extent of forfeiture that the testator intended to impose in the event an election is required and that the beneficiaries of the trust should not, in any event, be required

to make an election until the intent of the testator in respect to these matters is determined. These allegations of the counterclaim were not answered in any of the pleadings. The prayer of the counterclaim asked that the court ascertain the true intent and meaning of the testator in regard to these matters.

On the issues presented by these pleadings, the lower court entered a decree to the effect that no election was required and that the Bowen farm was not properly a part of the trust estate. In appealing directly to this court, appellants assume that a freehold is involved and seek a reversal of this part of the decree of the trial court.

We have held in a long line of cases that a freehold is not involved unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real estate in controversy. For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly and not collaterally, contingently or incidentally involved. (*Cohen* v. *Oguss,* 384 Ill. 353; *Neale* v. *Parks,* 408 Ill. 212.) Where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. *Nelson* v. *McCabe Development Co.* 408 Ill. 263; *Murray* v. *Sheridan,* 411 Ill. 65.

A freehold is never involved, within the meaning of section 75 of the Civil Practice Act, except where the primary object of the action is a recovery of the freehold estate, the title to which is directly put in issue. (*Trainor* v. *Trust Co. of Chicago,* 408 Ill. 296.) In order for a freehold to be involved, this court's decision must necessarily result in a loss or gain of a freehold. Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily have that result a free-

hold is not involved, and where the right to do certain things which in equity would entitle the party to a freehold. might or might not be exercised, or where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. *Neale* v. *Parks,* 408 Ill. 212.

In their briefs and arguments filed in this court appellants insist that the election provided for by the testator's will in regard to the Bowen farm is already an accomplished fact. This is contrary to the issues formulated by the pleadings and. there is no evidence in the record to support it.

An examination of the pleadings and the record herein immediately discloses that no freehold is here directly involved. The primary purpose of this suit was to determine the meaning of the ambiguous and uncertain provisions of the will and codicil. The direct question of ownership is not within the framework of the pleadings. Even if the decree of the lower court were reversed, the question of whether a freehold is gained or lost by anyone would depend upon the election of the beneficiaries and the extent of forfeiture.

We hold that a direct appeal to this court in this case does not lie, for the reason that no freehold is directly involved. This cause is transferred to the Appellate Court for the Second District. *Cause transferred.*